**25CI1:25-cv-00177-WLK** CROFT v. BUZBEE et al
Winston L Kidd, presiding
**Date filed:** 03/05/2025
**Date of last filing:** 03/21/2025

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 2 | *Filed & Entered:* 03/05/2025 | Complaint |
| 3 | *Filed & Entered:* 03/05/2025 | Summons Issued |
| 4 | *Filed & Entered:* 03/05/2025 | Summons Issued |
| 5 | *Filed & Entered:* 03/05/2025 | Summons Issued |
| 6 | *Filed & Entered:* 03/11/2025 | Amended Complaint |
| 7 | *Filed & Entered:* 03/12/2025 | Letter(Generic) |
| 8 | *Filed & Entered:* 03/14/2025 | Summons Issued |
| 9 | *Filed & Entered:* 03/14/2025 | Summons Issued |
| 10 | *Filed & Entered:* 03/14/2025 | Summons Issued |
| 11 | *Filed & Entered:* 03/21/2025 | Order Appointing Attorney |
| 12 | *Filed & Entered:* 03/21/2025 | Order |
| 13 | *Filed & Entered:* 03/21/2025 | Order Appointing Attorney |

| **MEC Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/25/2025 10:25:27 | | |
| **You will be charged $0.20 per page to view or print documents.** | | |
| **MEC Login:** | mc5871M | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 25CI1:25-cv-00177-WLK |
| **Billable Pages:** | 1 | **Cost:** | 0.20 |

**EXHIBIT**

**A**

## CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MARCY CROFT**                                                    **PLAINTIFF**

**VS.**                                                    Case No. 25-177

**ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO**                              **DEFENDANTS**

### COMPLAINT

*JURY TRIAL DEMANDED*

COMES NOW Plaintiff, MARCY CROFT, by and through undersigned attorneys, and sues

Defendants, ANTHONY G. BUZBEE ("Buzbee"), ANTHONY G. BUZBEE, L.P. D/B/A THE

BUZBEE LAW FIRM ("The Buzbee Law Firm"), and JOSE MALDONADO ("Maldonado"), and

in support thereof states as follows:

### INTRODUCTION

1.     This lawsuit is about exposing a fraud, dismantling a smear campaign, and holding

the Defendants accountable for their deliberate and malicious lies.  Defendant Anthony G.

Buzbee—a lawyer who thrives on intimidation, spectacle, and self-promotion—has embarked on

a calculated scheme to destroy the reputation of Plaintiff Marcy Croft, a widely respected attorney

with a nearly thirty-year career built on skill, ethics, and integrity.  Working together, Buzbee and

Jose Maldonado—a recipient of Ms. Croft's pro bono services—have exploited the generosity of

Ms. Croft in a desperate attempt to silence her, and former and current Buzbee clients.  Knowing

he cannot challenge Ms. Croft on the merits, Buzbee has resorted to fabrications, falsely accusing

her of committing multiple felonies and spreading false and defamatory statements designed to

damage her professional standing and personal credibility.

2.     To be clear, Buzbee's campaign is not the work of a principled advocate; it is the desperate flailing of a man whose own legal troubles have made him reckless in his attempts to deflect scrutiny.  Buzbee and his law firm have manipulated the legal system, peddled false narratives, and sought to weaponize his platform to tarnish Ms. Croft's name.  But truth matters. Integrity matters.  And Buzbee's actions—his repeated lies—have consequences.  This lawsuit is not just about restoring Ms. Croft's reputation; it is about making clear that no one, no matter how loud or powerful they believe themselves to be, is above the law.

## PARTIES

3.     Plaintiff Marcy Croft is an adult resident citizen of Madison County, Mississippi, who conducts regular business through her law firm in Hinds County, Mississippi.  Defendant Anthony G. Buzbee is an adult resident of the State of Texas, residing at 1722 River Oaks Blvd., Houston, Texas 77019, and may be served with process at that address or at any other location authorized by the Mississippi Rules of Civil Procedure.  Defendant Anthony G. Buzbee, L.P. d/b/a The Buzbee Law Firm is a limited partnership with Buzbee as owner and limited partner, and Services by AGB, L.L.C. as president and general partner.  Anthony Buzbee is the president, manager, and sole member of Services by AGB, L.L.C.  The Buzbee Law Firm is located at 600 Travis Street, Suite 7500, Houston, Texas 77002, and may be served with process upon Peter Taaffe at 600 Travis Street, Suite 7300, Houston, TX 770002, or any other agent authorized by the Mississippi Rules of Civil Procedure.  Defendant Jose Maldonado is an adult resident of the State of Texas, residing at 2209 Mulberry Lane, Pasadena, Texas 77502, and may be served with process at that address or at any location authorized by the Mississippi Rules of Civil Procedure.

## JURISDICTION AND VENUE

4.    This Court has subject matter and personal jurisdiction over the claims, causes of action, and the Defendants in these proceedings because, among other things, Defendants intentionally targeted tortious acts into Mississippi and the harmful effects of those acts were felt here. Miss. Code Ann. § 13-3-57.

5.    Venue is proper in Hinds County, Mississippi, as it is where a substantial event that caused the injury and the injury itself occurred. Miss. Code Ann. § 11-11-3.

## FACTS

6.    This lawsuit arises from a deliberate and malicious campaign of defamation and legal intimidation against Plaintiff Marcy Croft. Defendants Anthony G. Buzbee, The Buzbee Law Firm, and Jose Maldonado, acting in concert, have engaged in a calculated effort to destroy Ms. Croft's personal and professional reputation through dissemination of falsehoods, misrepresentations, and baseless claims of conspiracy, intimidation, and criminal activity—all the while it is *they* who engage in such tactics. *See infra* ¶¶ 12–58.

### *Ms. Croft's Legal Practice*

7.    Ms. Croft has been a well-respected member of the Mississippi State Bar for nearly three decades, recognized for her integrity, advocacy, and exceptional legal acumen. Throughout her distinguished career, she has been guided by one key principle: seeking civil and criminal justice for all.

8.    An experienced trial lawyer, Ms. Croft has successfully represented Fortune 500 companies in complex mass tort litigation, uncovered fraudulent legal schemes that resulted in the dismissal of tens of thousands of claims, and played a critical role in exposing unethical practices in litigation throughout the nation. Beyond high-stakes corporate litigation, she has devoted

significant *pro bono* efforts to criminal justice reform, advocating for incarcerated individuals within the Mississippi Department of Corrections. Ms. Croft was the lead litigator in exposing the inhumane conditions at the Mississippi State Penitentiary at Parchman, proudly working alongside Team Roc, the philanthropic arm of entertainment company Roc Nation, to improve conditions that were causing injury, illness, and death at what was recognized at the time as the country's worst and most dangerous prison in a remote corner of the Mississippi Delta. That advocacy led to an investigation by the Department of Justice and a broader movement to reform prison conditions in Mississippi, making all its citizens safer.

9.     Ms. Croft's clients regard her as an honest, fair, and diligent advocate. She is known for taking on tough opponents and standing firm in the face of adversity and intimidation. Throughout her career, she has demonstrated that she does not back down from a challenge, earning a reputation as a formidable advocate who fights tirelessly for justice. Respected by bench and bar alike, Ms. Croft has received numerous peer-nominated awards, honoring her professionalism, excellence, and commitment to the rule of law, including recognition in *Benchmark Litigation*'s inaugural "Top 250 Female Litigators in America" list. She has been consistently recognized over the years by *Super Lawyers* and *Best Lawyers in America*, is a member of the Pro Bono College of the State Bar of Texas, and maintains an AV Preeminent rating with Martindale-Hubbell. Additionally, she has chaired national conferences on fraud and abuse in litigation, served as a lecturer at national legal seminars, and served in liaison counsel roles in federal multi-district litigation proceedings. As a recognized leader in fraud detection and litigation strategy, she has advised on high-stakes crisis management matters and successfully represented clients in some of the nation's largest and most complex legal disputes.

10. Indeed, it was Ms. Croft's excellent reputation that enabled her to strike out on her own, co-founding her firm, MJ Legal, P.A. in Jackson, Mississippi, four years ago.

11. Unfortunately, Ms. Croft's closely guarded reputation has suffered and will continue to suffer harm due to Defendants' coordinated effort to spread falsehoods and damage her professional standing.

*Maldonado Appears to Engage Plaintiff As Part of Deliberate Buzbee Scheme*

12. On December 17, 2024, Jose Maldonado contacted Ms. Croft in Mississippi, ostensibly to ask for her help and guidance. As far as Ms. Croft knew, Maldonado contacted her because he believed his former lawyer had exploited him. That lawyer was Buzbee.

13. As she has done for countless people in need, Ms. Croft agreed to help Maldonado and offered to provide a free case assessment. This was standard practice for Ms. Croft, who routinely reviews legal issues on a *pro bono* basis, advises on the viability of claims, and then refers individuals for legal representation when appropriate. Maldonado was no different.

14. After dedicating time and expertise to reviewing Maldonado's claims, on December 19, 2024, Ms. Croft spoke with Maldonado again. She informed him that, while she believed he had likely been the victim of a fraudulent scheme perpetrated by his former counsel, she did not believe that he had a viable civil case based *inter alia* on the limited set of documents he provided. That call occurred while Ms. Croft was in Mississippi. This call was the last time Ms. Croft spoke with Maldonado.

15. On December 21, 2024, Ms. Croft discovered an email Maldonado had sent her firm on December 18, 2024, stating that her services were no longer needed. Strangely, Maldonado failed to mention this during their December 19 phone call, raising concerns about his intentions. At that point, Ms. Croft ceased all work related to Maldonado.

16.      But Maldonado's work to engage with Ms. Croft wasn't done. Despite his December 18 email, Maldonado reached out to Ms. Croft in Mississippi again on December 23, 2024, stating that he had seemingly found the rest of the paperwork for his case. Ms. Croft did not respond, reasonably relying on his email. Soon after, Ms. Croft learned that Maldonado had partnered with Buzbee and his law firm at or around the same time Ms. Croft had been providing legal advice to Maldonado. The very lawyer Maldonado had initially sought legal advice to bring claims against was actually his ally, and on information and belief part of a coordinated attempt to entrap Ms. Croft.

17.      Upon information and belief, what initially appeared to be a genuine request for legal assistance to Ms. Croft in Mississippi was ultimately weaponized against Ms. Croft, raising serious doubts about Maldonado's true intentions and suggesting his actions were part of a deliberate scheme from the outset.

*Uncovering Buzbee's Corruption*

18.      This partnership between Buzbee and Maldonado becomes even more troubling in light of the financial irregularities Ms. Croft uncovered while assessing Maldonado's claims. During her brief involvement with Maldonado, Ms. Croft discovered alarming details regarding a case involving the Buzbee Law Firm's financial practices: *Guadalupe Garza v. Callan Marine, LTD*, No. 2020CCV-61002-3 (Nueces Co. Ct. at Law No. 3, filed July 17, 2020) [hereinafter "*Garza*"]. This case involved allegations of unpaid, insufficient, or delayed maintenance payments to one of Buzbee's former clients. Maldonado's name appeared in a motion to compel filed in that case. *See* Ex. A (Resp. to Mot. to Quash Texas Access to Justice Subpoena or, Alternatively, Issue a Protective Order and Mot. to Compel, filed in *Garza* on Sept. 12, 2022) at 4, Exs. 10, 12.

19.    In that motion, a maritime defendant, Callan Marine, sought a subpoena to investigate The Buzbee Law Firm's numerous bank accounts, including certain accounts at HomeTown Bank in Galveston, Texas. Callan Marine discovered that the Buzbee Law Firm told clients that Callan Marine had failed to make necessary maintenance and cure payments. Callan Marine asserted that, contrary to these false allegations of non-payment, it had "consistently honored" its financial obligations by sending maintenance checks to plaintiff's counsel, "trust[ing] that The Buzbee Law Firm [would] forward [the] check[s]" to its client. Ex. A at 1, 2, Ex. 6. Unfortunately, that trust was misplaced as, according to the court filing, those checks never reached their intended recipients.

20.    Callan Marine alleged that The Buzbee Law Firm electronically deposited client maintenance checks into its own bank accounts at HomeTown Bank. Ex. A at 3, 4, Exs. 7, 10, 11, 12. As part of its subpoena request, Callan Marine sought to determine whether these accounts were originally designated as business operations accounts or official IOLTA trust accounts. It specifically inquired about how these accounts were classified and when, if ever, they were formally designated as trust accounts. The unclear status of these accounts raised significant concerns about whether client funds were improperly commingled or misused. Ex. A at 4, Ex. 9.

21.    The motion further revealed that these transactions were not isolated incidents. Callan Marine noted that the relevant bank account was just "one of multiple accounts into which similar funds [had] been transferred." Ex. A at 4. The motion cited multiple deposits, including two instances in which checks made out to Jose Maldonado had been "electronically deposited by The Buzbee Law Firm." *Id.*

Ex. A at Exs. 10, 12.

    22.    Given that Callan Marine's checks had been sent to The Buzbee Law Firm but never reached the clients, the central question became: "where did the money go?" Ex. A at 7.

23.    When Ms. Croft spoke with Maldonado, he, too, had the same question regarding his Callan Marine checks—where did his money go?  Maldonado told Ms. Croft that was not his signature and that he did not authorize Buzbee or his firm to sign his name and deposit those checks into account numbers 6000398 or 68853 at HomeTown Bank, N.A. or any other bank on the dates in question.[1]

24.    Buzbee's other former clients appear to be asking the same question.  Recently, Buzbee has been sued by two former clients for breaches of fiduciary duty related to the mishandling of settlement funds.  *See Thompson v. Buzbee, et al.*, No. 2:24-cv-02827 (E.D. La. filed Dec. 9, 2024); *Guidry v. Buzbee, et al.*, No. 2:24-cv-02873 (E.D. La. filed Dec. 13, 2024). The allegations contained in those lawsuits expose exceptionally unethical practices.  And another suit—whether from Maldonado or any of Buzbee's former clients questioning his firm's handling of loans to clients and the financing of medical expenses—could have further exposed Buzbee. *See id.*  This explains why he sought to undermine Ms. Croft before more of his actions came to light.

### *Buzbee's Defamation Campaign Begins – Instagram Edition*

25.    So, caught in a web of his own lies, Buzbee lashed out.

---

[1] *See* Ex. A at Exs. 10, 12. Maldonado provided limited paperwork for Ms. Croft's review. Listed in that paperwork was an additional, anomalous reference to "Hometown Clients Ex" on what appeared to be a financial document. There was also a form stamped with the name Dr. Rubin Bashir—a physician who repeatedly appears in public filings as an alleged treating physician and/or expert in cases filed by Buzbee and his firm.  Although these irregularities raised concerns, Ms. Croft did not believe they were sufficient to bring a civil claim, so she did not refer Maldonado to other counsel. Defendants have been aware of these facts—which are not privileged—from the outset. *See Jackson Med. Clinic for Women, P.A. v. Moore*, 836 So. 2d 767, 773 (Miss. 2003) (explaining a client waives attorney-client privilege "when the contents of the legal advice is integral to the outcome of the legal claims of the action" and "[s]uch is the case when a party . . . specifically places at issue, in some [] manner, the attorney-client relationship"); *Smith v. Guerre*, 159 S.W. 417, 419–20 (Tex. Civ. App. Amarillo 1913, no writ) (explaining that "[t]he object of the rule ceases, and the attorney is no longer bound by his obligation of secrecy" when the client accuses the attorney "either directly or indirectly, with fraud or other improper or unprofessional conduct," at which point the attorney has "the right to make a full disclosure bearing upon the litigation").

26.    Buzbee and his firm filed a rash of baseless civil barratry suits in Texas state court against Ms. Croft, accusing her of orchestrating an illegal conspiracy, engaging in criminal conduct, and bribing former Buzbee clients to bring frivolous lawsuits against him. The allegations in those suits are false.

27.    But Buzbee couldn't resist going a step further, leaving behind any possible protections generally afforded to in-court statements to spread defamatory falsehoods across the internet.

28.    On December 18, 2024—the same day he filed a baseless civil barratry lawsuit against Ms. Croft and the same day Maldonado abruptly terminated his relationship with her via email—Buzbee launched a coordinated attack on his personal Instagram account, where he has over 100,000 followers:

tonybuzbee ⊘

Marcy Bryan Croft
2 mins · 🌐

Amazing work! We are very proud to be a small part of this great team!! Thank you #RocNation and #TeamRoc for all that you do.



NYTIMES.COM
Jay-Z Takes on the Super Bowl
Why are Roc Nation and the N.F.L. doing busin

♡ 26  Q  ▽                              🔖

marcybcroft Thank you #RocNation and
@teamroc for all that you doll https://

♡  ▽                                    🔖

2,705 likes
tonybuzbee Today The Buzbee Law Firm filed suit against Roc Nation, and lawyers Marcy Croft, and Quinn Emanuel for violation of various state laws, including barratry and impersonation of a public official. The case was brought on behalf of a former client of the firm who was illegally solicited by agents working on behalf of the Defendants. These agents pretended to working for the State of Texas and offered the former client money to sue the Buzbee Law Firm. This illegal conduct has happened more than two dozen times to date and has resulted in two utterly frivolous cases against the firm. The lawsuit filed today alleges that the Defendants' conspiracy is intended to obstruct justice and prevent the Buzbee Law Firm from pursuing cases related to the Diddy litigation in New York. The conduct isn't just alleged —it was caught on tape.

Defendant Marcy Croft, who describes herself on social media as part of "Team Roc" is orchestrating the conspiracy along with assistance from Defendant Quinn Emanuel. As you can see from the screen shot, Croft, Quinn Emanuel, and Roc Nation have a long working history. The suit alleges Defendant Roc Nation is financing the illegal effort.

As set forth in the lawsuit, earlier this week, agents acting on Croft's behalf again were caught on tape soliciting and offering money (up to $10,000) to former clients of The Buzbee Law Firm to convince them to file a frivolous case against the Buzbee Law Firm.
These folks have now stooped to a new low to try to intimidate the lawyers of the Buzbee Law Firm from doing their important work. They now are contacting clients and former clients and actually offering them money to sue me. This conduct was specifically targeted at our firm so we would not pursue cases related to the Diddy litigation. LET ME BE CLEAR: we will not be bullied or intimidated. The Defendants this time overstepped, got sloppy, and stupidly got caught at their illegal scheme on tape. We have reported this conduct to the authorities, and intend to cooperate with the authorities to ensure all involved are prosecuted to the full extent allowed under Texas law.

December 18, 2024

See    Tony    Buzbee    (@tonybuzbee),    INSTAGRAM    (Dec.    18,    2024),

https://www.instagram.com/p/DDuRQQLpy5K/.

29.     In a calculated attempt to incite public outrage and destroy Ms. Croft's credibility,

Buzbee's post to his *104,000 Instagram followers* is rife with defamatory and actionable

falsehoods:

30.     Buzbee falsely claimed that Ms. Croft had hired (fake) "agents" to illegally solicit

clients—statements which are categorically false.

> including barratry and impersonation of a public
> **official. The case was brought on behalf of a former
> client of the firm who was illegally solicited by agents
> working on behalf of the Defendants. These agents**
> pretended to working for the State of Texas and

31.     And then Buzbee said that Ms. Croft's (fake) "agents" had misrepresented

themselves as working for the State of Texas while engaging in barratry (a felony)—all purportedly

on her behalf:

> client of the firm who was illegally solicited by agent
> **working on behalf of the Defendants. These agents
> pretended to working for the State of Texas and
> offered the former client money to sue the Buzbee
> Law Firm. This illegal conduct has happened more**
> than two dozen times to date and has resulted in two

32.    And yet again, later, he told his more than 100,000 Instagram followers that "agents" "*acting on Croft's behalf*" offered former clients of Buzbee $10,000 to file a frivolous case against him:

> As set forth in the lawsuit, earlier this week, agents acting on Croft's behalf again were caught on tape soliciting and offering money (up to $10,000) to former clients of The Buzbee Law Firm to convince them to file a frivolous case against the Buzbee Law Firm.
>
> These folks have now stooped to a new low to try to

33.    Buzbee's statements to his more than 100,000 Instagram followers, as set forth in paragraphs 30, 31, and 32, are all lies. Buzbee willfully, maliciously, wantonly, and with reckless disregard for the truth spread these lies to his followers, causing serious damage to Ms. Croft and her law firm.

34.    Reeling from damaging exposure in highly public cases[2], Buzbee doubled down on his lies, accusing Ms. Croft of *habitual* illegal activity:

> offered the former client money to sue the Buzbee Law Firm. This illegal conduct has happened more than two dozen times to date and has resulted in two utterly frivolous cases against the firm. The lawsuit filed today alleges that the Defendants' conspiracy is

---

[2] *See Thompson v. Buzbee, et al.*, No. 2:24-cv-02827 (E.D. La. filed Dec. 9, 2024); *Guidry v. Buzbee, et al.*, No. 2:24-cv-02873 (E.D. La. filed Dec. 13, 2024).

35.    And he likewise accused Ms. Croft of a conspiracy to obstruct justice:

> utterly frivolous cases against the firm. The lawsuit
> filed today alleges that **the Defendants' conspiracy is
> intended to obstruct justice** and prevent the Buzbee
> Law Firm from pursuing cases related to the Diddy

36.    But Buzbee didn't stop there.  He next said that Ms. Croft was "orchestrating" such

an unlawful conspiracy:

> Defendant **Marcy Croft**, who describes herself on
> social media as part of "Team Roc" **is orchestrating
> the conspiracy** along with assistance from Defendant
> Quinn Emanuel. As you can see from the screen

37.    Buzbee's statements to his more than 100,000 Instagram followers, as set forth in

paragraphs 34, 35, and 36, are also lies. Buzbee willfully, maliciously, wantonly, and with reckless

disregard for the truth spread these lies to his followers, causing serious damage to Ms. Croft and

her law firm.

38.    Reaching even further, Buzbee charged Ms. Croft and others with "intimidat[ion]"

tactics:

> **These folks have now stooped to a new low to try to
> intimidate the lawyers of the Buzbee Law Firm from
> doing their important work. They now are contacting
> clients and former clients and actually offering them**

39.    He repeated his prior falsehoods accusing Ms. Croft of barratry and intimidation:

> intimidate the lawyers of the Buzbee Law Firm from **doing their important work. They now are contacting clients and former clients and actually offering them money to sue me. This conduct was specifically targeted at our firm so we would not pursue cases related to the Diddy litigation. LET ME BE CLEAR: we will not be bullied or intimidated. The Defendants**

40.    And lest his followers be left with any doubt, Buzbee closed his post by accusing

Ms. Croft and others of an "overstepp[ing]," "sloppy," "stupid[]," and "illegal" "scheme":

> will not be bullied or intimidated. **The Defendants this time overstepped, got sloppy, and stupidly got caught at their illegal scheme on tape. We have** reported this conduct to the authorities, and intend

41.    Buzbee's statements to his more than 100,000 Instagram followers, as set forth in

paragraphs 38, 39, and 40—are further lies.  Buzbee willfully, maliciously, wantonly, and with

reckless disregard for the truth spread these lies to his followers, causing serious damage to Ms.

Croft and her law firm.

42.    The damage caused by Buzbee's smear campaign was immediate and severe.

Accusing a respected member of the bar of committing a felony, being "sloppy" and "stupid," and

orchestrating a conspiracy to obstruct justice was not only deliberate but also highly damaging.

These reckless, baseless, and patently false allegations were designed to inflict maximum harm on

Ms. Croft's professional reputation and standing within the legal community.

*Buzbee's Public Defamation Campaign Deepens – Facebook Edition*

43.    Buzbee's lies didn't stop when he logged out of Instagram.  Rather, he continued

his campaign through two December 18, 2024, posts on a second social media platform—

Facebook—where he has thousands of followers.

44.    One of Buzbee's Facebook posts copied verbatim from his Instagram post:



*See* Tony Buzbee, FACEBOOK (Dec. 18, 2024), https://www.facebook.com/share/p/1A1DaTXPFC/.

45.    Buzbee posted a second time that same day, this time bolstering his prior

defamatory and actionable statements with new ones:



*See* Tony Buzbee, FACEBOOK (Dec. 18, 2024), https://www.facebook.com/share/p/1BSUANb1yH/.

46.    In this second Facebook post, Buzbee purports to "quote" from a "secret recording" between Ms. Croft's supposed "agents" and a former Buzbee client—whom the "agents" supposedly offer cash in exchange for suing Buzbee:

> tape soliciting and offering money (up to $10,000) to former clients of The Buzbee Law Firm to convince them to file a frivolous case against the Buzbee Law Firm. In one of the secret recordings, the scheme is described in detail:
>
> "What we're trying to do is, we are trying put this thing together for the company that we're working for--
>
> We could get you paid, . . . you could get money right soon, you know?
>
> We gave this kid 1,000 bucks to start yesterday just to get him on the right path.
>
> At the end of the day, this is going to go through the courts, Buzbee is getting sued . . ."

47.    Like Buzbee's statements before, paragraphs 45 and 46 are still lies. Buzbee willfully, maliciously, wantonly, and with reckless disregard for the truth spread these lies on Facebook, causing serious damage to Ms. Croft and her law firm.

### *Buzbee's Public Defamation Campaign Continues*

48.    But Buzbee didn't stop there. His defamation campaign continued, from the social media air waves to old fashioned snail mail.

49.    On December 19, 2024, Buzbee and his law firm sent his former clients a letter defaming Ms. Croft—this time, on large firm letterhead:

## THE BUZBEE LAW FIRM

*www.txattorneys.com*

December 19, 2024

Hope this finds you well and enjoying this holiday season. Thank you again for choosing The Buzbee Law Firm in the past. We very much appreciate your trust on your personal legal matters.

As you may have seen, this firm recently sued Jay Z for a number of different issues. In response, a number of 'investigators' have contacted our past clients like you. This contact has been in an effort to gain clients to sue this firm. They have even gone so far as to offer some of these ex-clients money and made promises of more money in the future. These actions are illegal and violate Texas law. More importantly, these 'investigators' and the lawyers that hire them have to pay as much as $10,000 to the people contacted. If you have been contacted by an investigator, please let us know immediately. We may be able to force these people to pay you as much as $10,000 – maybe more. As always, we are here to answer any legal questions you have. Thank you in advance.

Best regards,

*/s/ Anthony Buzbee*

Anthony Buzbee

50.    In this letter, Buzbee repeated many of the same falsehoods he made on social media the day before.

51.    Buzbee accused the "lawyers that hire" the "investigators"—presumably referring to Ms. Croft—of offering former clients up to $10,000 in exchange for suing him:

> As you may have seen, this firm recently sued Jay Z for a number of different issues. In response, a number of 'investigators' have contacted our past clients like you. This contact has been in an effort to gain clients to sue this firm. They have even gone so far as to offer some of these ex-clients money and made promises of more money in the future. These actions are illegal and violate Texas law. More importantly, these 'investigators' and the lawyers that hire them have to pay as much as $10,000 to the people contacted. If you have been contacted by an investigator,

52.    As with Buzbee's prior statements, those in paragraph 51 are also false. Buzbee willfully, maliciously, wantonly, and with reckless disregard for the truth spread these lies publicly, causing serious damage to Ms. Croft and her law firm.

*Buzbee's Litigation Campaign Unfolds*

53.     Buzbee and The Buzbee Law Firm filed three entirely baseless civil barratry lawsuits in Harris County, Texas, against Ms. Croft and others, all amidst Buzbee's own mounting legal problems as part of a public campaign of intimidation through litigation.  He has filed multiple suits against Ms. Croft and others on behalf of former clients, including Maldonado, not in pursuit of justice, but as a deliberate effort to suppress additional legal actions from current and former personal injury clients.  *See Garcia v. Croft, et al.*, No. 4:25-cv-00353 (filed Dec. 18, 2024 and removed to S.D. Tex. Jan. 28, 2025); *Maldonado v. Croft, et al.*, No. 4:25-cv-00345 (filed Jan. 3, 3025 and removed to S.D. Tex. Jan. 28, 2025); *The Buzbee Law Firm v. Quinn Emanuel, et al.*, No. 4:25-cv-00385 (filed Dec. 5, 2024, amended Jan. 27, 2025, and removed to S.D. Tex. Jan. 29, 2025).  Ms. Croft, along with the other defendants, removed these lawsuits to federal court where they are pending at the time of this filing.

54.     Each of these three lawsuits against Ms. Croft rests on invented facts and contrived allegations—demonstrating Buzbee's clear intent to weaponize the legal system against those who expose his misconduct.

55.     The first, brought by Buzbee on behalf of a plaintiff named Gerardo Garcia, was the apparent basis of Buzbee's defamatory social media posts and letter.  In the petition, Buzbee falsely accuses Ms. Croft of "engaging shadowy operatives to illegally seek out more than two dozen current and former clients of The Buzbee Law Firm to convince those clients to bring frivolous cases against The Buzbee Law Firm." *Garcia*, No. 4:25-cv-00353, Dkt. 1-2 at 2 (footnote omitted).

56.     Buzbee brought a second lawsuit on January 3, 2025, on behalf of Defendant Jose Maldonado, meritlessly accusing Ms. Croft of the same activity: purportedly "engaging shadowy

operatives to illegally seek out more than two dozen current and former clients of The Buzbee Law

Firm to convince those clients to bring frivolous cases against The Buzbee Law Firm." *Maldonado*,

No. 4:25-cv-00345, Dkt. 1-2 at 2 (footnote omitted).

57.　And on January 27, 2025, Buzbee dragged Ms. Croft into a third case, amending a

previously filed petition brought on his own firm's behalf to name her as a defendant. The *Buzbee*

*Law Firm* petition repeated the same false allegations as the pleadings that Buzbee filed before.

*The Buzbee Law Firm*, No. 4:25-cv-00385, Dkt. 1-2 at 316.

58.　In each lawsuit, Buzbee audaciously sued a fake person: "Jessica Santiago," a

purported private "investigator" from Harris County, Texas. On information and belief, no such

person exists. There is no such person with that name living in Harris County, Texas—or anywhere

in Texas, for that matter—who is registered as a private investigator. And Buzbee refused requests

to provide an address or any other identifying details for her. Unsurprisingly, she has not been

served.[3]

### COUNT I: ABUSE OF PROCESS AGAINST THE DEFENDANTS

59.　Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves

the right to amend these allegations as further information is obtained from Defendants.

60.　"[T]he three elements of abuse of process are: (1) the party made an illegal use of

a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted

use of process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005).

---

[3] Similarly, listing Quinn Emanuel as a defendant was nothing more than an attempt to open a new front in Buzbee's public battle with that firm and its client Jay-Z. Quinn Emanuel was improperly joined in the Harris County suits because there is not a single factual allegation tying the firm to the alleged claims. The petitions' only specific references to Quinn Emanuel demonstrate why it was sued: the firm's unrelated defense of Jay-Z in a separate matter involving another Buzbee client. That case has nothing to do with Buzbee's former personal-injury clients.

61.     Working in concert with Buzbee to file a knowingly false, vindictive lawsuit against Ms. Croft, Maldonado intentionally used a legal process to primarily accomplish the purpose of humiliating Ms. Croft and discouraging other former Buzbee clients from pursuing claims against Buzbee.

62.     In each of the three lawsuits Buzbee and his firm filed against Ms. Croft, Buzbee joined a fake defendant purportedly named "Jessica Santiago."

63.     While the *Garcia* and *Maldonado* petitions note "Harris County, Texas" as "Jessica Santiago's" place of residence, the later-filed *Buzbee Law Firm* petition does not list any residence at all. *Compare Garcia*, No. 4:25-cv-00353, Dkt. 1-2 at 9; *Maldonado*, No. 4:25-cv-00345, Dkt. 1-2 at 9; *with The Buzbee Law Firm*, No. 4:25-cv-00385, Dkt. 1-2 at 319.

64.     Additionally, Buzbee has not amended the allegations in *Garcia* and *Maldonado* to exclude mention of Harris County as "Jessica Santiago's" place of residence—or to remove her as a defendant—further indicating Buzbee has not identified her residence. The petitions provide no address or identifying details for "Santiago," stating she can be served at her home address (unidentified) or "wherever she may be found." *See Garcia*, No. 4:25-cv-00353, Dkt. 1-2 at 9; *Maldonado*, No. 4:25-cv-00345, Dkt. 1-2 at 9. The fact that "Santiago" has not been served highlights that she has not been found.

65.     Defendants' actions constitute a gross and willful abuse of process in that they maliciously and spitefully, with ulterior motive, abused the legal process of joinder by improperly joining a fake defendant to destroy diversity jurisdiction when they knew, or should have known, that "Jessica Santiago" was not a real person.

66.     Defendants' tortious conduct was used to accomplish the unjustified and unlawful purpose of illegally destroying diversity jurisdiction as an attempt to keep the lawsuits within the

purview of the state courts and for other ulterior reasons and motives. *See McLain v. West Side Bone & Joint Ctr.*, 656 So.2d 119, 123 (Miss. 1995) (stating that the "crucial element" of abuse of process is "the intent to abuse the privileges of the legal system"); *State ex rel. Foster v. Turner*, 319 So.2d 233, 236 (Miss. 1975) ("[T]he malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.").

67. Defendants' acts constituted a willful, malicious, wanton, and reckless disregard for Plaintiff's rights with the intent to harass, humiliate, and embarrass her all while threatening Buzbee's former and current clients to deter them from bringing suit against him. Plaintiffs sustained damages as a result of Defendants' perverted use of the legal process to serve unjust and ulterior ends.

## COUNT II: DEFAMATION AGAINST BUZBEE

68. Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

69. "To establish a claim for defamation, an ordinary plaintiff must show the following: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Journal Pub. Co. v. McCullough*, 743 So.2d 352, 359 (Miss. 1999).

70. As set forth above, on December 18, 2024, Buzbee knowingly and willfully made multiple false statements about Plaintiff.

71. Buzbee published those knowingly and willfully false statements by posting them on his personal Instagram and Facebook accounts to hundreds of thousands of followers.

72.   The false statements, which accuse Ms. Croft of engaging in illegal conduct, were clearly defamatory, in that they expose Plaintiff to public ridicule and lower her in the confidence of her community.

73.   Upon information and belief, Ms. Croft has suffered special harm as a result of the false statements.

74.   Buzbee's actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages for Plaintiff's harm.

**COUNT III: DEFAMATION PER SE AGAINST BUZBEE**

75.   Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

76.   An action for defamation per se exists for words "imputing to [the plaintiff] 'a want of integrity or capacity . . . in the conduct of [her] profession, trade or business[.]'" *Fagan v. Faulkner*, 396 So. 3d 1112, 1117 (Miss. 2024) (quoting *Brothers v. Winstead*, 129 So. 3d 906, 928 (Miss. 2014)).

77.   As set forth above, on December 18, 2024, Buzbee knowingly and willfully made multiple false statements about Plaintiff.

78.   Buzbee published those knowingly and willfully false statements by posting them on his personal Instagram and Facebook accounts to hundreds of thousands of followers.

79.   The statements were clearly defamatory, in that they expose Plaintiff to public ridicule and lower her in the confidence of her community, including Hinds County, Mississippi, and are actionable *per se* in accusing Ms. Croft of illegal conduct, which is inherently damaging to her reputation as a lawyer, as well as a respected citizen in the local community.

80.    Buzbee's actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages. *See Natchez Times Pub. Co. v. Dunigan*, 72 So. 2d 681, 684 (Miss. 1954) ("[I]f an article is libelous per se, no special damages are necessary to be alleged or proved. The law presumes damage per se from the writing of the libelous words."). Buzbee's false and defamatory statements are not subject to the protections of any federal or state privilege.

## COUNT IV: FALSE LIGHT INVASION OF PRIVACY AGAINST DEFENDANTS

81.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

82.    To recover on a claim for false light invasion of privacy, a plaintiff must demonstrate "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Hays v. LaForge*, 333 So.3d 595, 608 (Miss. Ct. App. 2022).

83.    As a private citizen, Ms. Croft has an actual and reasonable expectation of privacy with respect to all Defendants. This expectation extends to all false and misleading statements made about her in litigation filings and on social media, including but not limited to Instagram and Facebook posts, public statements, and court pleadings—all of which would be highly offensive to a reasonable person. Defendants' statements, made knowingly or with reckless disregard for the truth, were intended to cast Plaintiff in a false light and cause harm to her reputation and standing in both her personal and professional life.

84.    Defendants' actions were willful, malicious, and committed knowingly or with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS

85.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

86.    The afore-stated facts were outrageous and done intentionally and wantonly by Defendants through their willful and unlawful acts.

87.    It was foreseeable to Defendants that their reckless disregard for the truth of their statements would cause Plaintiff severe emotional distress.

88.    As a direct and proximate consequence of Defendants' intentional actions, Plaintiff has suffered and will continue to suffer significant insult, indignity, humiliation, embarrassment and severe physical anguish and emotional distress.

89.    Defendants' actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages.

## COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS

90.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

91.    The facts stated herein were alternatively done carelessly and negligently by Buzbee through his willful, unlawful, and reckless acts.

92.    Defendants knew or should have known that their reckless disregard for the truth of their statements would cause Ms. Croft severe emotional distress.

93.    As a direct and proximate consequence of Defendants' negligent actions, Plaintiff has suffered and will continue to suffer significant insult, indignity, humiliation, embarrassment and severe physical anguish and emotional distress.

## COUNT VII: CIVIL CONSPIRACY AGAINST DEFENDANTS

94.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

95.    Defendants Buzbee, The Buzbee Law Firm, and Maldonado knowingly and willfully engaged in a concerted effort to defame, discredit, and harm Ms. Croft by spreading false and defamatory statements through both litigation and social media.

96.    Defendants, acting in concert and with a common purpose, conspired to fabricate false allegations against Ms. Croft, including but not limited to false claims of criminal misconduct, professional impropriety, and unethical behavior, with the intent to destroy her personal and professional reputation.

97.    In furtherance of this conspiracy, Defendants coordinated their actions to file baseless lawsuits, disseminate false information through social media, and use legal proceedings as a weapon to intimidate and silence Ms. Croft.

98.    As a direct and proximate result of Defendants' conspiracy, Ms. Croft has suffered significant harm, including reputational damage, emotional distress, and impairment to her professional standing.

99.    Defendants' actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages. There is clear and convincing evidence of actual malice, fraud, or gross negligence warranting the imposition of punitive damages under Section 11-1-65 of the Mississippi Code.

## DAMAGES

100.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

101.    As a result of Defendants' conduct as alleged herein, Plaintiff sustained injuries and incurred substantial damages including, but not limited to the following compensatory damages in the amount of at least $25,000,000:

a.    Past, present, and future mental and emotional distress;

b.    Damages per se arising from defamation per se;

c.    Loss of wage-earning capacity; and

d.    Loss of personal and professional reputation, as well as public embarrassment.

102.    Clear and convincing evidence establishes that Defendants acted with actual malice, fraud, or gross negligence warranting the imposition of punitive damages under Mississippi Code § 11-1-65 in an amount to be determined by the jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Marcy Croft demands trial by jury and respectfully requests that judgment be entered against Defendants Anthony Buzbee, Anthony G. Buzbee, L.P. d/b/a The Buzbee Law Firm, and Jose Maldonado for compensatory and consequential damages as shown by the evidence in an amount not less than $25,000,000, pre-interest on the judgment, post-interest on the judgment, punitive damages, attorney's fees, all costs, fees, and disbursements, and such other relief under the laws of the State of Mississippi or of any kind to which Plaintiff is otherwise entitled.

Dated: March 5, 2025

Respectfully submitted,

Ronnie Musgrove (MS Bar No. 3698)
Quentin Whitwell (MS Bar No. 10859)
Chelsea Boyd (MS Bar No. 106731)
MUSGROVE WHITWELL
265 N. Lamar, Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Musgrove@musgrovewhitwell.com
Whitwell@musgrovewhitwell.com
Boyd@musgrovewhitwell.com

*Attorneys for Plaintiff Marcy Croft*

**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Court Identification Number #

| County # | Judicial District | Court ID (CH, CI, CO) | | | Local Docket ID |
|---|---|---|---|---|---|
| 25 | | CI | | 2025 | 177 |

| Month | Date | Year |
|---|---|---|
| 03 | 05 | 25 |

Mississippi Supreme Court     Form AOC/01
Administrative Office of Courts     (Rev 2020)

This area to be completed by clerk     Case Number if filed prior to 1/1/94

In the CIRCUIT _____ Court of HINDS _____ [x] County — FIRST     Judicial District

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual Croft _____ Marcy _____

Last Name     First Name     Maiden Name, if applicable     M.I.     Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

Business _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff 116 Stone Lake Drive, Madison, MS 39110

Attorney (Name & Address) Ronnie Musgrove, 265 N. Lamar, Ste C, Oxford MS 38655     MS Bar No. 3698

___ Check ( x ) if Individual Filing initial Pleading is NOT an attorney

Signature of Individual Filing: _Ronnie Musgrove_

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual Buzbee _____ Anthony _____ G

Last Name     First Name     Maiden Name, if applicable     M.I.     Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is filing in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known _____     MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other | [ ] Will Contest | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (involuntary) | [ ] Other | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [X] Other Defamation |

Also at top right of nature of suit: [ ] Alcohol/Drug Commitment (Voluntary)  [ ] Other

IN THE CIRCUIT COURT OF HINDS ☑ COUNTY, MISSISSIPPI

FIRST JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____    Docket No. If Filed
File Yr    Chronological No.    Clerk's Local ID    Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of 1 Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: _____ _____ ( _____ ) ____ ____
Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business Anthony G. Buzbee, L.P. _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

✓ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A The Buzbee Law Firm _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: Maldonado _____ Jose _____ (qQq_____) ____ ____
Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ ( _____ ) ____ ____
Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

## IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**MARCY CROFT**                                                    **PLAINTIFF**

**VS.**                                        CAUSE NO ___25-177___

**ANTHONY G. BUZBEE, ANTHONY G.**
**BUZBEE, L.P. d/b/a THE BUZBEE LAW**
**FIRM, AND JOSE MALDONADO**                            **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:    PETER TAAFFE, Registered Agent
       600 Travis St, Ste. 7300
       Houston, Texas 77002
       ATTN: ANTHONY G. BUZBEE, L.P. d/b/a THE BUZBEE LAW FIRM

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND ANTHONY G. BUZBEE, L.P., MUST TAKE IMMEDIATE ACTION TO PROTECT
ITS RIGHTS.

Anthony G. Buzbee, L.P., is required to mail or hand deliver a copy of a written response
to the Complaint to **Ronnie Musgrove**, Attorney for the Plaintiff, whose address is **Musgrove
Whitwell, 265 N. Lamar Suite C, Oxford, MS 38655**. Its response must be mailed or
delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a
judgment by default will be entered against it for the money or other things demanded in the
Complaint.

Anthony G. Buzbee, L.P., must also file the original of its response with the Clerk of this
Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___5th___ day of
_March_, 2025.

                              ZACK WALLACE, CIRCUIT CLERK
                              CIRCUIT CLERK OF HINDS COUNTY, MISSISSIPPI

                              By: _____


(Seal)

Presented By:

*/s/ Ronnie Musgrove*
Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove @musgrovewhitwell.com
*Attorney for Plaintiff*

## PROOF OF SERVICE—SUMMONS
### (Process Server)

**NAME OF PERSON OR ENTITY SERVED:** _____

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

[ ]    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE**. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

[ ]    **PERSONAL          SERVICE:**          I     personally     delivered     copies     to _____ on the ____ day of _____, 20___, where I found him/her in _____ County, State of _____.

[ ]    **RESIDENCE SERVICE:** After exercising reasonable diligence I was unable to deliver copies   to   said   person   within   _____   County,   State   of _____.  I served the Summons and Complaint on the ___ day of _____, 20____, at the usual place of abode of the said person by leaving a true copy with _____, who is the _____ (wife, husband, son, daughter or other person as the case may be) of said individual and a member of his/her family over the age of sixteen (16) years who was willing to receive the same on his/her behalf.  I mailed, by first class mail, postage prepaid, copies to the person at his/her usual place of abode where the copies were left.

[ ]    **CERTIFIED MAIL SERVICE:** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.  (Attach signed return receipt or the return envelope marked "Refused.")

          At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $_____

Process server must list below:  [Please print or type]

Name: _____
Social Security No. _____
Address: _____
_____
Telephone No._____

STATE OF _____
COUNTY OF _____

       Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service—Summons" are true and correct as therein stated.

                                                  _____
                                                  Process Server's Signature

       Sworn to and subscribed before me this the _____ day of _____ 20____.

                                                  _____

                                                  Notary Public

(Seal) My Commission Expires:

## IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**MARCY CROFT**                                                    **PLAINTIFF**

**VS.**                                              CAUSE NO 25-177

**ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO**                           **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:    ANTHONY G. BUZBEE
       1722 River Oaks Blvd.
       Houston, Texas 77019

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
**Ronnie Musgrove**, Attorney for the Plaintiff, whose address is **Musgrove Whitwell, 265 N.
Lamar Suite C, Oxford, MS 38655**. Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this Summons and Complaint or a judgment by default
will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this the _____ day of
March, 2025.

                                        ZACK WALLACE, CIRCUIT CLERK

                                        CIRCUIT CLERK OF HINDS COUNTY, MISSISSIPPI

                                        By: _____



Presented By:

*/s/ Ronnie Musgrove*

Ronnie Musgrove

MUSGROVE WHITWELL

265 N. Lamar Suite C

Oxford, MS 38655

Telephone: (662) 273-8424

Email: Musgrove @musgrovewhitwell.com

*Attorney for Plaintiff*

## PROOF OF SERVICE—SUMMONS
### (Process Server)

**NAME OF PERSON OR ENTITY SERVED:** _____

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

[ ]    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

[ ]    **PERSONAL      SERVICE:**    I    personally    delivered    copies    to _____ on the ____ day of _____, 20__, where I found him/her in _____ County, State of _____.

[ ]    **RESIDENCE SERVICE:** After exercising reasonable diligence I was unable to deliver copies   to   said   person   within   _____   County,   State   of _____.    I served the Summons and Complaint on the ____ day of _____, 20____, at the usual place of abode of the said person by leaving a true copy with _____, who is the _____ (wife, husband, son, daughter or other person as the case may be) of said individual and a member of his/her family over the age of sixteen (16) years who was willing to receive the same on his/her behalf.  I mailed, by first class mail, postage prepaid, copies to the person at his/her usual place of abode where the copies were left.

[ ]  **CERTIFIED MAIL SERVICE:** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

          At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]

                                        Name: _____
                                        Social Security No. _____
                                        Address: _____
                                        _____
                                        Telephone No._____

STATE OF _____
COUNTY OF _____

       Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service—Summons" are true and correct as therein stated.

                                                      _____
                                                      Process Server's Signature

     Sworn to and subscribed before me this the _____ day of _____ 20____.

                                                     _____
                                                    Notary Public

(Seal) My Commission Expires:

**IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

**MARCY CROFT**                                                                 **PLAINTIFF**

**VS.**                                               CAUSE NO ___25-177___

**ANTHONY G. BUZBEE, ANTHONY G.**
**BUZBEE, L.P. d/b/a THE BUZBEE LAW**
**FIRM, AND JOSE MALDONADO**                          **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:    JOSE MALDONADO
       2209 Mulberry Lane
       Pasadena, TX 77502

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

   You are required to mail or hand deliver a copy of a written response to the Complaint to
**Ronnie Musgrove**, Attorney for the Plaintiff, whose address is **Musgrove Whitwell, 265 N.
Lamar Suite C, Oxford, MS 38655**. Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this Summons and Complaint or a judgment by default
will be entered against you for the money or other things demanded in the Complaint.

   You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___5th___ day of
**March**, 2025.

                                    ZACK WALLACE, CIRCUIT CLERK

                                    CIRCUIT CLERK OF HINDS COUNTY, MISSISSIPPI

                                    By: _____



Presented By:

*/s/ Ronnie Musgrove*

Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove@musgrovewhitwell.com
*Attorney for Plaintiff*

## PROOF OF SERVICE—SUMMONS
(Process Server)

**NAME OF PERSON OR ENTITY SERVED:** _____

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

[ ]     **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

[ ]     **PERSONAL     SERVICE:**     I     personally     delivered     copies     to _____ on the ___ day of _____, 20__, where I found him/her in _____ County, State of _____.

[ ]     **RESIDENCE SERVICE:** After exercising reasonable diligence I was unable to deliver copies   to   said   person   within   _____   County,   State   of _____.   I served the Summons and Complaint on the ___ day of _____, 20____, at the usual place of abode of the said person by leaving a true copy with _____, who is the _____ (wife, husband, son, daughter or other person as the case may be) of said individual and a member of his/her family over the age of sixteen (16) years who was willing to receive the same on his/her behalf.  I mailed, by first class mail, postage prepaid, copies to the person at his/her usual place of abode where the copies were left.

[ ] **CERTIFIED MAIL SERVICE**: By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.  (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $_____

Process server must list below:  [Please print or type]

Name: _____
Social Security No. _____
Address: _____
_____
Telephone No. _____

STATE OF _____
COUNTY OF _____


      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service—Summons" are true and correct as therein stated.

_____
Process Server's Signature


Sworn to and subscribed before me this the _____ day of _____ 20____.


_____
Notary Public

(Seal) My Commission Expires:

## CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MARCY CROFT                                                    **PLAINTIFF**

VS.                                              **Case No. 25CI1:25-cv-00177-WLK**

ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO                                     **DEFENDANTS**

### AMENDED COMPLAINT

*JURY TRIAL DEMANDED*

COMES NOW Plaintiff, MARCY CROFT, by and through undersigned attorneys, and sues

Defendants, ANTHONY G. BUZBEE ("Buzbee"), ANTHONY G. BUZBEE, L.P. D/B/A THE

BUZBEE LAW FIRM ("The Buzbee Law Firm"), and JOSE MALDONADO ("Maldonado"), and

in support thereof states as follows:

### INTRODUCTION

1.      This lawsuit is about exposing a fraud, dismantling a smear campaign, and holding

the Defendants accountable for their deliberate and malicious lies. Defendant Anthony G.

Buzbee—a lawyer who thrives on intimidation, spectacle, and self-promotion—has embarked on

a calculated scheme to destroy the reputation of Plaintiff Marcy Croft, a widely respected attorney

with a nearly thirty-year career built on skill, ethics, and integrity. Working together, Buzbee and

Jose Maldonado—a recipient of Ms. Croft's pro bono services—have exploited the generosity of

Ms. Croft in a desperate attempt to silence her, and former and current Buzbee clients. Knowing

he cannot challenge Ms. Croft on the merits, Buzbee has resorted to fabrications, falsely accusing

her of committing multiple felonies and spreading false and defamatory statements designed to

damage her professional standing and personal credibility.

2.     To be clear, Buzbee's campaign is not the work of a principled advocate; it is the desperate flailing of a man whose own legal troubles have made him reckless in his attempts to deflect scrutiny.  Buzbee and his law firm have manipulated the legal system, peddled false narratives, and sought to weaponize his platform to tarnish Ms. Croft's name.  But truth matters. Integrity matters.  And Buzbee's actions—his repeated lies—have consequences.  This lawsuit is not just about restoring Ms. Croft's reputation; it is about making clear that no one, no matter how loud or powerful they believe themselves to be, is above the law.

## PARTIES

3.     Plaintiff Marcy Croft is an adult resident citizen of Madison County, Mississippi, who conducts regular business through her law firm in Hinds County, Mississippi.  Defendant Anthony G. Buzbee is an adult resident of the State of Texas, residing at 1722 River Oaks Blvd., Houston, Texas 77019, and may be served with process at that address or at any other location authorized by the Mississippi Rules of Civil Procedure.  Defendant Anthony G. Buzbee, L.P. d/b/a The Buzbee Law Firm is a limited partnership with Buzbee as owner and limited partner, and Services by AGB, L.L.C. as president and general partner.  Anthony Buzbee is the president, manager, and sole member of Services by AGB, L.L.C.  The Buzbee Law Firm is located at 600 Travis Street, Suite 7500, Houston, Texas 77002, and may be served with process upon Peter Taaffe at 600 Travis Street, Suite 7300, Houston, TX 770002, or any other agent authorized by the Mississippi Rules of Civil Procedure.  Defendant Jose Maldonado is an adult resident of the State of Texas, residing at 2209 Mulberry Lane, Pasadena, Texas 77502, and may be served with process at that address or at any location authorized by the Mississippi Rules of Civil Procedure.

## JURISDICTION AND VENUE

4.      This Court has subject matter and personal jurisdiction over the claims, causes of action, and the Defendants in these proceedings because, among other things, Defendants intentionally targeted tortious acts into Mississippi and the harmful effects of those acts were felt here. Miss. Code Ann. § 13-3-57.

5.      Venue is proper in Hinds County, Mississippi, as it is where a substantial event that caused the injury and the injury itself occurred. Miss. Code Ann. § 11-11-3.

## FACTS

6.      This lawsuit arises from a deliberate and malicious campaign of defamation and legal intimidation against Plaintiff Marcy Croft. Defendants Anthony G. Buzbee, The Buzbee Law Firm, and Jose Maldonado, acting in concert, have engaged in a calculated effort to destroy Ms. Croft's personal and professional reputation through dissemination of falsehoods, misrepresentations, and baseless claims of conspiracy, intimidation, and criminal activity—all the while it is *they* who engage in such tactics. *See infra* ¶¶ 12–58.

### *Ms. Croft's Legal Practice*

7.      Ms. Croft has been a well-respected member of the Mississippi State Bar for nearly three decades, recognized for her integrity, advocacy, and exceptional legal acumen. Throughout her distinguished career, she has been guided by one key principle: seeking civil and criminal justice for all.

8.      An experienced trial lawyer, Ms. Croft has successfully represented Fortune 500 companies in complex mass tort litigation, uncovered fraudulent legal schemes that resulted in the dismissal of tens of thousands of claims, and played a critical role in exposing unethical practices in litigation throughout the nation. Beyond high-stakes corporate litigation, she has devoted

3

significant *pro bono* efforts to criminal justice reform, advocating for incarcerated individuals within the Mississippi Department of Corrections. Ms. Croft was the lead litigator in exposing the inhumane conditions at the Mississippi State Penitentiary at Parchman, proudly working alongside Team Roc, the philanthropic arm of entertainment company Roc Nation, to improve conditions that were causing injury, illness, and death at what was recognized at the time as the country's worst and most dangerous prison in a remote corner of the Mississippi Delta. That advocacy led to an investigation by the Department of Justice and a broader movement to reform prison conditions in Mississippi, making all its citizens safer.

9.      Ms. Croft's clients regard her as an honest, fair, and diligent advocate. She is known for taking on tough opponents and standing firm in the face of adversity and intimidation. Throughout her career, she has demonstrated that she does not back down from a challenge, earning a reputation as a formidable advocate who fights tirelessly for justice. Respected by bench and bar alike, Ms. Croft has received numerous peer-nominated awards, honoring her professionalism, excellence, and commitment to the rule of law, including recognition in *Benchmark Litigation*'s inaugural "Top 250 Female Litigators in America" list. She has been consistently recognized over the years by *Super Lawyers* and *Best Lawyers in America*, is a member of the Pro Bono College of the State Bar of Texas, and maintains an AV Preeminent rating with Martindale-Hubbell. Additionally, she has chaired national conferences on fraud and abuse in litigation, served as a lecturer at national legal seminars, and served in liaison counsel roles in federal multi-district litigation proceedings. As a recognized leader in fraud detection and litigation strategy, she has advised on high-stakes crisis management matters and successfully represented clients in some of the nation's largest and most complex legal disputes.

10.     Indeed, it was Ms. Croft's excellent reputation that enabled her to strike out on her own, co-founding her firm, MJ Legal, P.A. in Jackson, Mississippi, four years ago.

11.     Unfortunately, Ms. Croft's closely guarded reputation has suffered and will continue to suffer harm due to Defendants' coordinated effort to spread falsehoods and damage her professional standing.

### *Maldonado Appears to Engage Plaintiff As Part of Deliberate Buzbee Scheme*

12.     On December 17, 2024, Jose Maldonado contacted Ms. Croft in Mississippi, ostensibly to ask for her help and guidance. As far as Ms. Croft knew, Maldonado contacted her because he believed his former lawyer had exploited him. That lawyer was Buzbee.

13.     As she has done for countless people in need, Ms. Croft agreed to help Maldonado and offered to provide a free case assessment. This was standard practice for Ms. Croft, who routinely reviews legal issues on a *pro bono* basis, advises on the viability of claims, and then refers individuals for legal representation when appropriate. Maldonado was no different.

14.     After dedicating time and expertise to reviewing Maldonado's claims, on December 19, 2024, Ms. Croft spoke with Maldonado again. She informed him that, while she believed he had likely been the victim of a fraudulent scheme perpetrated by his former counsel, she did not believe that he had a viable civil case based *inter alia* on the limited set of documents he provided. That call occurred while Ms. Croft was in Mississippi. This call was the last time Ms. Croft spoke with Maldonado.

15.     On December 21, 2024, Ms. Croft discovered an email Maldonado had sent her firm on December 18, 2024, stating that her services were no longer needed. Strangely, Maldonado failed to mention this during their December 19 phone call, raising concerns about his intentions. At that point, Ms. Croft ceased all work related to Maldonado.

5

16.     But Maldonado's work to engage with Ms. Croft wasn't done. Despite his December 18 email, Maldonado reached out to Ms. Croft in Mississippi again on December 23, 2024, stating that he had seemingly found the rest of the paperwork for his case. Ms. Croft did not respond, reasonably relying on his email. Soon after, Ms. Croft learned that Maldonado had partnered with Buzbee and his law firm at or around the same time Ms. Croft had been providing legal advice to Maldonado. The very lawyer Maldonado had initially sought legal advice to bring claims against was actually his ally, and on information and belief part of a coordinated attempt to entrap Ms. Croft.

17.     Upon information and belief, what initially appeared to be a genuine request for legal assistance to Ms. Croft in Mississippi was ultimately weaponized against Ms. Croft, raising serious doubts about Maldonado's true intentions and suggesting his actions were part of a deliberate scheme from the outset.

### *Uncovering Buzbee's Corruption*

18.     This partnership between Buzbee and Maldonado becomes even more troubling in light of the financial irregularities Ms. Croft uncovered while assessing Maldonado's claims. During her brief involvement with Maldonado, Ms. Croft discovered alarming details regarding a case involving the Buzbee Law Firm's financial practices: *Guadalupe Garza v. Callan Marine, LTD*, No. 2020CCV-61002-3 (Nueces Co. Ct. at Law No. 3, filed July 17, 2020) [hereinafter "*Garza*"]. This case involved allegations of unpaid, insufficient, or delayed maintenance payments to one of Buzbee's former clients. Maldonado's name appeared in a motion to compel filed in that case. *See* Ex. A (Resp. to Mot. to Quash Texas Access to Justice Subpoena or, Alternatively, Issue a Protective Order and Mot. to Compel, filed in *Garza* on Sept. 12, 2022) at 4, Exs. 10, 12.

19.    In that motion, a maritime defendant, Callan Marine, sought a subpoena to investigate The Buzbee Law Firm's numerous bank accounts, including certain accounts at HomeTown Bank in Galveston, Texas. Callan Marine discovered that the Buzbee Law Firm told clients that Callan Marine had failed to make necessary maintenance and cure payments. Callan Marine asserted that, contrary to these false allegations of non-payment, it had "consistently honored" its financial obligations by sending maintenance checks to plaintiff's counsel, "trust[ing] that The Buzbee Law Firm [would] forward [the] check[s]" to its client. Ex. A at 1, 2, Ex. 6. Unfortunately, that trust was misplaced as, according to the court filing, those checks never reached their intended recipients.

20.    Callan Marine alleged that The Buzbee Law Firm electronically deposited client maintenance checks into its own bank accounts at HomeTown Bank. Ex. A at 3, 4, Exs. 7, 10, 11, 12. As part of its subpoena request, Callan Marine sought to determine whether these accounts were originally designated as business operations accounts or official IOLTA trust accounts. It specifically inquired about how these accounts were classified and when, if ever, they were formally designated as trust accounts. The unclear status of these accounts raised significant concerns about whether client funds were improperly commingled or misused. Ex. A at 4, Ex. 9.

21.    The motion further revealed that these transactions were not isolated incidents. Callan Marine noted that the relevant bank account was just "one of multiple accounts into which similar funds [had] been transferred." Ex. A at 4. The motion cited multiple deposits, including two instances in which checks made out to Jose Maldonado had been "electronically deposited by The Buzbee Law Firm." *Id.*

Ex. A at Exs. 10, 12.

    22.    Given that Callan Marine's checks had been sent to The Buzbee Law Firm but never reached the clients, the central question became: "where did the money go?" Ex. A at 7.

23.   When Ms. Croft spoke with Maldonado, he, too, had the same question regarding his Callan Marine checks—where did his money go? Maldonado told Ms. Croft that was not his signature and that he did not authorize Buzbee or his firm to sign his name and deposit those checks into account numbers 6000398 or 68853 at HomeTown Bank, N.A. or any other bank on the dates in question.[1]

24.   Buzbee's other former clients appear to be asking the same question. Recently, Buzbee has been sued by two former clients for breaches of fiduciary duty related to the mishandling of settlement funds. *See Thompson v. Buzbee, et al.*, No. 2:24-cv-02827 (E.D. La. filed Dec. 9, 2024); *Guidry v. Buzbee, et al.*, No. 2:24-cv-02873 (E.D. La. filed Dec. 13, 2024). The allegations contained in those lawsuits expose exceptionally unethical practices. And another suit—whether from Maldonado or any of Buzbee's former clients questioning his firm's handling of loans to clients and the financing of medical expenses—could have further exposed Buzbee. *See id.* This explains why he sought to undermine Ms. Croft before more of his actions came to light.

### *Buzbee's Defamation Campaign Begins – Instagram Edition*

25.   So, caught in a web of his own lies, Buzbee lashed out.

---

[1] *See* Ex. A at Exs. 10, 12. Maldonado provided limited paperwork for Ms. Croft's review. Listed in that paperwork was an additional, anomalous reference to "Hometown Clients Ex" on what appeared to be a financial document. There was also a form stamped with the name Dr. Rubin Bashir—a physician who repeatedly appears in public filings as an alleged treating physician and/or expert in cases filed by Buzbee and his firm. Although these irregularities raised concerns, Ms. Croft did not believe they were sufficient to bring a civil claim, so she did not refer Maldonado to other counsel. Defendants have been aware of these facts—which are not privileged—from the outset. *See Jackson Med. Clinic for Women, P.A. v. Moore*, 836 So. 2d 767, 773 (Miss. 2003) (explaining a client waives attorney-client privilege "when the contents of the legal advice is integral to the outcome of the legal claims of the action" and "[s]uch is the case when a party . . . specifically places at issue, in some [] manner, the attorney-client relationship"); *Smith v. Guerre*, 159 S.W. 417, 419–20 (Tex. Civ. App. Amarillo 1913, no writ) (explaining that "[t]he object of the rule ceases, and the attorney is no longer bound by his obligation of secrecy" when the client accuses the attorney "either directly or indirectly, with fraud or other improper or unprofessional conduct," at which point the attorney has "the right to make a full disclosure bearing upon the litigation").

26.    Buzbee and his firm filed a rash of baseless civil barratry suits in Texas state court against Ms. Croft, accusing her of orchestrating an illegal conspiracy, engaging in criminal conduct, and bribing former Buzbee clients to bring frivolous lawsuits against him. The allegations in those suits are false.

27.    But Buzbee couldn't resist going a step further, leaving behind any possible protections generally afforded to in-court statements to spread defamatory falsehoods across the internet.

28.    On December 18, 2024—the same day he filed a baseless civil barratry lawsuit against Ms. Croft and the same day Maldonado abruptly terminated his relationship with her via email—Buzbee launched a coordinated attack on his personal Instagram account, where he has over 100,000 followers:

 tonybuzbee ⊘    ···

 Marcy Bryan Croft    ···
2 mins · ⊕

Amazing work! We are very proud to be a small part of this great team!! Thank you #RocNation and #TeamRoc for all that you do.



NYTIMES.COM
Jay-Z Takes on the Super Bowl
Why are Roc Nation and the N.F.L. doing busin...

♡ 26  Q  ▽    ⊠

marcybcroft Thank you #RocNation and @teamroc for all that you dell http://

♡  ▽    ◼

2,706 likes

tonybuzbee Today The Buzbee Law Firm filed suit against Roc Nation, and lawyers Marcy Croft, and Quinn Emanuel for violation of various state laws, including barratry and impersonation of a public official. The case was brought on behalf of a former client of the firm who was illegally solicited by agents working on behalf of the Defendants. These agents pretended to working for the State of Texas and offered the former client money to sue the Buzbee Law Firm. This illegal conduct has happened more than two dozen times to date and has resulted in two utterly frivolous cases against the firm. The lawsuit filed today alleges that the Defendants' conspiracy is intended to obstruct justice and prevent the Buzbee Law Firm from pursuing cases related to the Diddy litigation in New York. The conduct isn't just alleged —it was caught on tape.

Defendant Marcy Croft, who describes herself on social media as part of "Team Roc" is orchestrating the conspiracy along with assistance from Defendant Quinn Emanuel. As you can see from the screen shot, Croft, Quinn Emanuel, and Roc Nation have a long working history. The suit alleges Defendant Roc Nation is financing the illegal effort.

As set forth in the lawsuit, earlier this week, agents acting on Croft's behalf again were caught on tape soliciting and offering money (up to $10,000) to former clients of The Buzbee Law Firm to convince them to file a frivolous case against the Buzbee Law Firm.

These folks have now stooped to a new low to try to intimidate the lawyers of the Buzbee Law Firm from doing their important work. They now are contacting clients and former clients and actually offering them money to sue me. This conduct was specifically targeted at our firm so we would not pursue cases related to the Diddy litigation. LET ME BE CLEAR: we will not be bullied or intimidated. The Defendants this time overstepped, got sloppy, and stupidly got caught at their illegal scheme on tape. We have reported this conduct to the authorities, and intend to cooperate with the authorities to ensure all involved are prosecuted to the full extent allowed under Texas law.

December 18, 2024

*See*    Tony    Buzbee    (@tonybuzbee),    INSTAGRAM    (Dec.    18,    2024),

https://www.instagram.com/p/DDuRQQLpy5K/.

11

29.    In a calculated attempt to incite public outrage and destroy Ms. Croft's credibility,

Buzbee's post to his *104,000 Instagram followers* is rife with defamatory and actionable

falsehoods:

30.    Buzbee falsely claimed that Ms. Croft had hired (fake) "agents" to illegally solicit

clients—statements which are categorically false.

> including barratry and impersonation of a public
> official. The case was brought on behalf of a former
> client of the firm who was illegally solicited by agents
> working on behalf of the Defendants. These agents
> pretended to working for the State of Texas and

31.    And then Buzbee said that Ms. Croft's (fake) "agents" had misrepresented

themselves as working for the State of Texas while engaging in barratry (a felony)—all purportedly

on her behalf:

> client of the firm who was illegally solicited by agent
> working on behalf of the Defendants. These agents
> pretended to working for the State of Texas and
> offered the former client money to sue the Buzbee
> Law Firm. This illegal conduct has happened more
> than two dozen times to date and has resulted in two

12

32.   And yet again, later, he told his more than 100,000 Instagram followers that "agents"

"*acting on Croft's behalf*" offered former clients of Buzbee $10,000 to file a frivolous case against

him:

> As set forth in the lawsuit, earlier this week, agents
> acting on Croft's behalf again were caught on tape
> soliciting and offering money (up to $10,000) to
> former clients of The Buzbee Law Firm to convince
> them to file a frivolous case against the Buzbee Law
> Firm.
> Those folks have now stooped to a new low to try to

33.   Buzbee's statements to his more than 100,000 Instagram followers, as set forth in

paragraphs 30, 31, and 32, are all lies. Buzbee willfully, maliciously, wantonly, and with reckless

disregard for the truth spread these lies to his followers, causing serious damage to Ms. Croft and

her law firm.

34.   Reeling from damaging exposure in highly public cases[2], Buzbee doubled down on

his lies, accusing Ms. Croft of *habitual* illegal activity:

> offered the former client money to sue the Buzbee
> Law Firm. This illegal conduct has happened more
> than two dozen times to date and has resulted in two
> utterly frivolous cases against the firm. The lawsuit
> filed today alleges that the Defendants' conspiracy is

---

[2] *See Thompson v. Buzbee, et al.*, No. 2:24-cv-02827 (E.D. La. filed Dec. 9, 2024); *Guidry v. Buzbee, et al.*, No. 2:24-cv-02873 (E.D. La. filed Dec. 13, 2024).

35.   And he likewise accused Ms. Croft of a conspiracy to obstruct justice:

> utterly frivolous cases against the firm. The lawsuit
> filed today alleges that the Defendants' conspiracy is
> intended to obstruct justice and prevent the Buzbee
> Law Firm from pursuing cases related to the Diddy

36.   But Buzbee didn't stop there. He next said that Ms. Croft was "orchestrating" such

an unlawful conspiracy:

> Defendant Marcy Croft, who describes herself on
> social media as part of "Team Roc" is orchestrating
> the conspiracy along with assistance from Defendant
> Quinn Emanuel. As you can see from the screen

37.   Buzbee's statements to his more than 100,000 Instagram followers, as set forth in

paragraphs 34, 35, and 36, are also lies. Buzbee willfully, maliciously, wantonly, and with reckless

disregard for the truth spread these lies to his followers, causing serious damage to Ms. Croft and

her law firm.

38.   Reaching even further, Buzbee charged Ms. Croft and others with "intimidat[ion]"

tactics:

> These folks have now stooped to a new low to try to
> intimidate the lawyers of the Buzbee Law Firm from
> doing their important work. They now are contacting
> clients and former clients and actually offering them

14

39.   He repeated his prior falsehoods accusing Ms. Croft of barratry and intimidation:

> intimidate the lawyers of the Buzbee Law Firm from doing their important work. They now are contacting clients and former clients and actually offering them money to sue me. This conduct was specifically targeted at our firm so we would not pursue cases related to the Diddy litigation. LET ME BE CLEAR: we will not be bullied or intimidated. The Defendants this time overstepped, got sloppy, and stupidly got

40.   And lest his followers be left with any doubt, Buzbee closed his post by accusing Ms. Croft and others of an "overstepp[ing]," "sloppy," "stupid[]," and "illegal" "scheme":

> will not be bullied or intimidated. The Defendants this time overstepped, got sloppy, and stupidly got caught at their illegal scheme on tape. We have reported this conduct to the authorities, and intend

41.   Buzbee's statements to his more than 100,000 Instagram followers, as set forth in paragraphs 38, 39, and 40—are further lies. Buzbee willfully, maliciously, wantonly, and with reckless disregard for the truth spread these lies to his followers, causing serious damage to Ms. Croft and her law firm.

42.   The damage caused by Buzbee's smear campaign was immediate and severe. Accusing a respected member of the bar of committing a felony, being "sloppy" and "stupid," and orchestrating a conspiracy to obstruct justice was not only deliberate but also highly damaging. These reckless, baseless, and patently false allegations were designed to inflict maximum harm on Ms. Croft's professional reputation and standing within the legal community.

15

*Buzbee's Public Defamation Campaign Deepens – Facebook Edition*

43.   Buzbee's lies didn't stop when he logged out of Instagram. Rather, he continued

his campaign through two December 18, 2024, posts on a second social media platform—

Facebook—where he has thousands of followers.

44.   One of Buzbee's Facebook posts copied verbatim from his Instagram post:





16

*See* Tony Buzbee, FACEBOOK (Dec. 18, 2024), https://www.facebook.com/share/p/1A1DaTXPFC/.

45.    Buzbee posted a second time that same day, this time bolstering his prior

defamatory and actionable statements with new ones:



*See* Tony Buzbee, FACEBOOK (Dec. 18, 2024), https://www.facebook.com/share/p/1BSUANb1yH/.

46.   In this second Facebook post, Buzbee purports to "quote" from a "secret recording" between Ms. Croft's supposed "agents" and a former Buzbee client—whom the "agents" supposedly offer cash in exchange for suing Buzbee:

> tape soliciting and offering money (up to $10,000) to former clients of The Buzbee Law Firm to convince them to file a frivolous case against the Buzbee Law Firm, In one of the secret recordings, the scheme is described in detail:
>
> "What we're trying to do is, we are trying put this thing together for the company that we're working for--
>
> We could get you paid, . . . you could get money right soon, you know?
>
> We gave this kid 1,000 bucks to start yesterday just to get him on the right path.
>
> At the end of the day, this is going to go through the courts, Buzbee is getting sued . . ."

47.   Like Buzbee's statements before, paragraphs 45 and 46 are still lies. Buzbee willfully, maliciously, wantonly, and with reckless disregard for the truth spread these lies on Facebook, causing serious damage to Ms. Croft and her law firm.

### *Buzbee's Public Defamation Campaign Continues*

48.   But Buzbee didn't stop there. His defamation campaign continued, from the social media air waves to old fashioned snail mail.

49.   On December 19, 2024, Buzbee and his law firm sent his former clients a letter defaming Ms. Croft—this time, on large firm letterhead:

## THE BUZBEE LAW FIRM

www.txattorneys.com

December 19, 2024

Hope this finds you well and enjoying this holiday season. Thank you again for choosing The Buzbee Law Firm in the past. We very much appreciate your trust on your personal legal matters.

As you may have seen, this firm recently sued Jay Z for a number of different issues. In response, a number of 'investigators' have contacted our past clients like you. This contact has been in an effort to gain clients to sue this firm. They have even gone so far as to offer some of these ex-clients money and made promises of more money in the future. These actions are illegal and violate Texas law. More importantly, these 'investigators' and the lawyers that hire them have to pay as much as $10,000 to the people contacted. If you have been contacted by an investigator, please let us know immediately. We may be able to force these people to pay you as much as $10,000 – maybe more. As always, we are here to answer any legal questions you have. Thank you in advance.

Best regards,

/s/ Anthony Buzbee

Anthony Buzbee

50.    In this letter, Buzbee repeated many of the same falsehoods he made on social media the day before.

51.    Buzbee accused the "lawyers that hire" the "investigators"—presumably referring to Ms. Croft—of offering former clients up to $10,000 in exchange for suing him:

> As you may have seen, this firm recently sued Jay Z for a number of different issues. In response, a number of 'investigators' have contacted our past clients like you. This contact has been in an effort to gain clients to sue this firm. They have even gone so far as to offer some of these ex-clients money and made promises of more money in the future. These actions are illegal and violate Texas law. More importantly, these 'investigators' and the lawyers that hire them have to pay as much as $10,000 to the people contacted. If you have been contacted by an investigator,

52.    As with Buzbee's prior statements, those in paragraph 51 are also false. Buzbee willfully, maliciously, wantonly, and with reckless disregard for the truth spread these lies publicly, causing serious damage to Ms. Croft and her law firm.

19

### *Buzbee's Litigation Campaign Unfolds*

53.    Buzbee and The Buzbee Law Firm filed three entirely baseless civil barratry lawsuits in Harris County, Texas, against Ms. Croft and others, all amidst Buzbee's own mounting legal problems as part of a public campaign of intimidation through litigation. He has filed multiple suits against Ms. Croft and others on behalf of former clients, including Maldonado, not in pursuit of justice, but as a deliberate effort to suppress additional legal actions from current and former personal injury clients. *See Garcia v. Croft, et al.*, No. 4:25-cv-00353 (filed Dec. 18, 2024 and removed to S.D. Tex. Jan. 28, 2025); *Maldonado v. Croft, et al.*, No. 4:25-cv-00345 (filed Jan. 3, 3025 and removed to S.D. Tex. Jan. 28, 2025); *The Buzbee Law Firm v. Quinn Emanuel, et al.*, No. 4:25-cv-00385 (filed Dec. 5, 2024, amended Jan. 27, 2025, and removed to S.D. Tex. Jan. 29, 2025). Ms. Croft, along with the other defendants, removed these lawsuits to federal court where they are pending at the time of this filing.

54.    Each of these three lawsuits against Ms. Croft rests on invented facts and contrived allegations—demonstrating Buzbee's clear intent to weaponize the legal system against those who expose his misconduct.

55.    The first, brought by Buzbee on behalf of a plaintiff named Gerardo Garcia, was the apparent basis of Buzbee's defamatory social media posts and letter. In the petition, Buzbee falsely accuses Ms. Croft of "engaging shadowy operatives to illegally seek out more than two dozen current and former clients of The Buzbee Law Firm to convince those clients to bring frivolous cases against The Buzbee Law Firm." *Garcia*, No. 4:25-cv-00353, Dkt. 1-2 at 2 (footnote omitted).

56.    Buzbee brought a second lawsuit on January 3, 2025, on behalf of Defendant Jose Maldonado, meritlessly accusing Ms. Croft of the same activity; purportedly "engaging shadowy

operatives to illegally seek out more than two dozen current and former clients of The Buzbee Law

Firm to convince those clients to bring frivolous cases against The Buzbee Law Firm." *Maldonado*,

No. 4:25-cv-00345, Dkt. 1-2 at 2 (footnote omitted).

57.     And on January 27, 2025, Buzbee dragged Ms. Croft into a third case, amending a

previously filed petition brought on his own firm's behalf to name her as a defendant. The *Buzbee*

*Law Firm* petition repeated the same false allegations as the pleadings that Buzbee filed before.

*The Buzbee Law Firm*, No. 4:25-cv-00385, Dkt. 1-2 at 316.

58.     In each lawsuit, Buzbee audaciously sued a fake person: "Jessica Santiago," a

purported private "investigator" from Harris County, Texas. On information and belief, no such

person exists. There is no such person with that name living in Harris County, Texas—or anywhere

in Texas, for that matter—who is registered as a private investigator. And Buzbee refused requests

to provide an address or any other identifying details for her. Unsurprisingly, she has not been

served.[3]

### COUNT I: ABUSE OF PROCESS AGAINST THE DEFENDANTS

59.     Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves

the right to amend these allegations as further information is obtained from Defendants.

60.     "[T]he three elements of abuse of process are: (1) the party made an illegal use of

a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted

use of process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005).

---

[3] Similarly, listing Quinn Emanuel as a defendant was nothing more than an attempt to open a new front in Buzbee's
public battle with that firm and its client Jay-Z. Quinn Emanuel was improperly joined in the Harris County suits
because there is not a single factual allegation tying the firm to the alleged claims. The petitions' only specific
references to Quinn Emanuel demonstrate why it was sued: the firm's unrelated defense of Jay-Z in a separate matter
involving another Buzbee client. That case has nothing to do with Buzbee's former personal-injury clients.

61.     Working in concert with Buzbee to file a knowingly false, vindictive lawsuit against Ms. Croft, Maldonado intentionally used a legal process to primarily accomplish the purpose of humiliating Ms. Croft and discouraging other former Buzbee clients from pursuing claims against Buzbee.

62.     In each of the three lawsuits Buzbee and his firm filed against Ms. Croft, Buzbee joined a fake defendant purportedly named "Jessica Santiago."

63.     While the *Garcia* and *Maldonado* petitions note "Harris County, Texas" as "Jessica Santiago's" place of residence, the later-filed *Buzbee Law Firm* petition does not list any residence at all. *Compare Garcia*, No. 4:25-cv-00353, Dkt. 1-2 at 9; *Maldonado*, No. 4:25-cv-00345, Dkt. 1-2 at 9; *with The Buzbee Law Firm*, No. 4:25-cv-00385, Dkt. 1-2 at 319.

64.     Additionally, Buzbee has not amended the allegations in *Garcia* and *Maldonado* to exclude mention of Harris County as "Jessica Santiago's" place of residence—or to remove her as a defendant—further indicating Buzbee has not identified her residence. The petitions provide no address or identifying details for "Santiago," stating she can be served at her home address (unidentified) or "wherever she may be found." *See Garcia*, No. 4:25-cv-00353, Dkt. 1-2 at 9; *Maldonado*, No. 4:25-cv-00345, Dkt. 1-2 at 9. The fact that "Santiago" has not been served highlights that she has not been found.

65.     Defendants' actions constitute a gross and willful abuse of process in that they maliciously and spitefully, with ulterior motive, abused the legal process of joinder by improperly joining a fake defendant to destroy diversity jurisdiction when they knew, or should have known, that "Jessica Santiago" was not a real person.

66.     Defendants' tortious conduct was used to accomplish the unjustified and unlawful purpose of illegally destroying diversity jurisdiction as an attempt to keep the lawsuits within the

22

purview of the state courts and for other ulterior reasons and motives. *See McLain v. West Side Bone & Joint Ctr.*, 656 So.2d 119, 123 (Miss. 1995) (stating that the "crucial element" of abuse of process is "the intent to abuse the privileges of the legal system"); *State ex rel. Foster v. Turner*, 319 So.2d 233, 236 (Miss. 1975) ("[T]he malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.").

67. Defendants' acts constituted a willful, malicious, wanton, and reckless disregard for Plaintiff's rights with the intent to harass, humiliate, and embarrass her all while threatening Buzbee's former and current clients to deter them from bringing suit against him. Plaintiffs sustained damages as a result of Defendants' perverted use of the legal process to serve unjust and ulterior ends.

## COUNT II: DEFAMATION AGAINST BUZBEE

68. Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

69. "To establish a claim for defamation, an ordinary plaintiff must show the following: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Journal Pub. Co. v. McCullough*, 743 So.2d 352, 359 (Miss. 1999).

70. As set forth above, on December 18, 2024, Buzbee knowingly and willfully made multiple false statements about Plaintiff.

71. Buzbee published those knowingly and willfully false statements by posting them on his personal Instagram and Facebook accounts to hundreds of thousands of followers.

72.   The false statements, which accuse Ms. Croft of engaging in illegal conduct, were clearly defamatory, in that they expose Plaintiff to public ridicule and lower her in the confidence of her community.

73.   Upon information and belief, Ms. Croft has suffered special harm as a result of the false statements.

74.   Buzbee's actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages for Plaintiff's harm.

### COUNT III: DEFAMATION PER SE AGAINST BUZBEE

75.   Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

76.   An action for defamation per se exists for words "imputing to [the plaintiff] 'a want of integrity or capacity . . . in the conduct of [her] profession, trade or business[.]'" *Fagan v. Faulkner*, 396 So. 3d 1112, 1117 (Miss. 2024) (quoting *Brothers v. Winstead*, 129 So. 3d 906, 928 (Miss. 2014)).

77.   As set forth above, on December 18, 2024, Buzbee knowingly and willfully made multiple false statements about Plaintiff.

78.   Buzbee published those knowingly and willfully false statements by posting them on his personal Instagram and Facebook accounts to hundreds of thousands of followers.

79.   The statements were clearly defamatory, in that they expose Plaintiff to public ridicule and lower her in the confidence of her community, including Hinds County, Mississippi, and are actionable *per se* in accusing Ms. Croft of illegal conduct, which is inherently damaging to her reputation as a lawyer, as well as a respected citizen in the local community.

24

80.    Buzbee's actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages. *See Natchez Times Pub. Co. v. Dunigan*, 72 So. 2d 681, 684 (Miss. 1954) ("[I]f an article is libelous per se, no special damages are necessary to be alleged or proved. The law presumes damage per se from the writing of the libelous words."). Buzbee's false and defamatory statements are not subject to the protections of any federal or state privilege.

### COUNT IV: FALSE LIGHT INVASION OF PRIVACY AGAINST DEFENDANTS

81.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

82.    To recover on a claim for false light invasion of privacy, a plaintiff must demonstrate "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Hays v. LaForge*, 333 So.3d 595, 608 (Miss. Ct. App. 2022).

83.    As a private citizen, Ms. Croft has an actual and reasonable expectation of privacy with respect to all Defendants. This expectation extends to all false and misleading statements made about her in litigation filings and on social media, including but not limited to Instagram and Facebook posts, public statements, and court pleadings—all of which would be highly offensive to a reasonable person. Defendants' statements, made knowingly or with reckless disregard for the truth, were intended to cast Plaintiff in a false light and cause harm to her reputation and standing in both her personal and professional life.

84.    Defendants' actions were willful, malicious, and committed knowingly or with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS

85.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

86.    The afore-stated facts were outrageous and done intentionally and wantonly by Defendants through their willful and unlawful acts.

87.    It was foreseeable to Defendants that their reckless disregard for the truth of their statements would cause Plaintiff severe emotional distress.

88.    As a direct and proximate consequence of Defendants' intentional actions, Plaintiff has suffered and will continue to suffer significant insult, indignity, humiliation, embarrassment and severe physical anguish and emotional distress.

89.    Defendants' actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages.

## COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS

90.    Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

91.    The facts stated herein were alternatively done carelessly and negligently by Buzbee through his willful, unlawful, and reckless acts.

92.    Defendants knew or should have known that their reckless disregard for the truth of their statements would cause Ms. Croft severe emotional distress.

93.    As a direct and proximate consequence of Defendants' negligent actions, Plaintiff has suffered and will continue to suffer significant insult, indignity, humiliation, embarrassment and severe physical anguish and emotional distress.

## COUNT VII: CIVIL CONSPIRACY AGAINST DEFENDANTS

94.   Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

95.   Defendants Buzbee, The Buzbee Law Firm, and Maldonado knowingly and willfully engaged in a concerted effort to defame, discredit, and harm Ms. Croft by spreading false and defamatory statements through both litigation and social media.

96.   Defendants, acting in concert and with a common purpose, conspired to fabricate false allegations against Ms. Croft, including but not limited to false claims of criminal misconduct, professional impropriety, and unethical behavior, with the intent to destroy her personal and professional reputation.

97.   In furtherance of this conspiracy, Defendants coordinated their actions to file baseless lawsuits, disseminate false information through social media, and use legal proceedings as a weapon to intimidate and silence Ms. Croft.

98.   As a direct and proximate result of Defendants' conspiracy, Ms. Croft has suffered significant harm, including reputational damage, emotional distress, and impairment to her professional standing.

99.   Defendants' actions were willful, malicious, and committed with reckless disregard for the truth, warranting the imposition of compensatory and punitive damages. There is clear and convincing evidence of actual malice, fraud, or gross negligence warranting the imposition of punitive damages under Section 11-1-65 of the Mississippi Code.

## DAMAGES

100.   Plaintiff incorporates herein the preceding paragraphs of the complaint and reserves the right to amend these allegations as further information is obtained from Defendants.

27

101.    As a result of Defendants' conduct as alleged herein, Plaintiff sustained injuries and incurred substantial damages including, but not limited to the following compensatory damages in the amount of at least $25,000,000:

        a.     Past, present, and future mental and emotional distress;

        b.     Damages per se arising from defamation per se;

        c.     Loss of wage-earning capacity; and

        d.     Loss of personal and professional reputation, as well as public embarrassment.

102.    Clear and convincing evidence establishes that Defendants acted with actual malice, fraud, or gross negligence warranting the imposition of punitive damages under Mississippi Code § 11-1-65 in an amount to be determined by the jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Marcy Croft demands trial by jury and respectfully requests that judgment be entered against Defendants Anthony Buzbee, Anthony G. Buzbee, L.P. d/b/a The Buzbee Law Firm, and Jose Maldonado for compensatory and consequential damages as shown by the evidence in an amount not less than $25,000,000, pre-interest on the judgment, post-interest on the judgment, punitive damages, attorney's fees, all costs, fees, and disbursements, and such other relief under the laws of the State of Mississippi or of any kind to which Plaintiff is otherwise entitled.

Dated: March 11, 2025

Respectfully submitted,

Ronnie Musgrove (MS Bar No. 3698)
Quentin Whitwell (MS Bar No. 10859)
Chelsea Boyd (MS Bar No. 106731)
MUSGROVE WHITWELL
265 N. Lamar, Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Musgrove@musgrovewhitwell.com
Whitwell@musgrovewhitwell.com
Boyd@musgrovewhitwell.com

*Attorneys for Plaintiff Marcy Croft*

# EXHIBIT A

Filed
9/12/2022 1:22 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2020CCV-61002-3

| | | |
|---|---|---|
| GUADALUPE GARZA | § | IN THE 3RD COUNTY COURT AT LAW |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CALLAN MARINE, LTD. | § | |
| *Defendant.* | § | NUECES COUNTY, TEXAS |

**RESPONSE TO MOTION TO QUASH TEXAS ACCESS TO JUSTICE SUBPOENA OR, ALTERNATIVELY, ISSUE A PROTECTIVE ORDER AND MOTION TO COMPEL**

Defendant, Callan Marine, Ltd. ("Callan Marine"), files this Response to Plaintiff's Motion to Quash Defendant's Witness Subpoena/Subpoena Duces Tecum to Non-Party Texas Access to Justice Foundation, or Alternatively Issue a Protective Order. Callan Marine also files this Motion to Compel and respectfully requests the Court compel Plaintiff's compliance with the Non-Party Subpoena. In support of thereof, Callan Marine shows the Court the following:

I.     **Argument Summary**

Beginning with July 16, 2020, the day immediately following Plaintiff's alleged injury, Callan Marine has consistently honored its maintenance and cure obligation by, among other things, sending maintenance checks to Plaintiff's counsel. The Buzbee Law Firm electronically deposited many of these checks into an account labeled "Business Checking." Yet, Plaintiff's petition denies receipt of these payments. Callan Marine seeks discovery to confirm that its maintenance payments were deposited into an IOLTA account and were being separately maintained and held in trust for Plaintiff's benefit.

1

Copy from re:SearchTX

## II.   Relevant Factual & Procedural Background

On July 17, 2020, Plaintiff sued Callan Marine under the Jones Act, general maritime

negligence, and for unseaworthiness. Exhibit 1, Plaintiff's Original Petition, at ¶ XV; Exhibit 2,

Plaintiff's First Amended Petition, at ¶ XV. In his Petition, Plaintiff contends:

> Defendant has denied payment and/or has unreasonably delayed payments for maintenance
> and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's
> conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance
> and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff
> would further show that Defendant's failure to provide the benefits of maintenance and cure is
> not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and
> that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now
> sues, in addition to all other relief sought.

Exhibit 2 at ¶ XV.

On August 25, 2020, Callan Marine filed Special Exceptions and an Original Answer.

Exhibit 3, Defendant's Special Exceptions and Original Answer. In relevant part, Callan Marine

specially excepted to Plaintiff's maintenance and cure allegations and asked that Plaintiff prove it

demanded any such payment prior to filing suit. *See id.* at ¶ 5.

On May 19, 2021, Plaintiff's counsel directed Callan Marine to send any maintenance and

cure payments directly to The Buzbee Law Firm. Exhibit 4, Email from Jessica Salto.[1]

On or about December 11, 2020, Callan Marine began sending maintenance checks to

Plaintiff's counsel. *See* Exhibit 6, Correspondence from H&H Claims Consultants to Chris Leavitt.

As set forth in its December 11th letter, Callan Marine "trust[ed] that [The Buzbee Law Firm] will

forward this check to your client." *Id.*

---

[1] The Buzbee Law Firm represents multiple clients suing Callan Marine under the Jones Act, general maritime negligence, and for unseaworthiness. While Plaintiff's May 19th email directive related to a separate claimant, Callan Marine understood this request to apply to every claimant represented by The Buzbee Law Firm, including Plaintiff Braulio Lara. Exhibit 5, Declaration of Kennneth Bullock.

Copy from re:SearchTX

On December 21, 2020, The Buzbee Law Firm electronically deposited the first maintenance payment into an account labeled "Business Checking":





Exhibit 7, Image of Check No. 01063 (emphasis added).

Callan Marine has consistently paid maintenance to Plaintiff. Exhibit 5, Declaration of Kenneth Bullock. As of the date of this filing, Callan Marine has paid approximately $31,680.00 in maintenance to Plaintiff. *See id; see also* Exhibit 8, Compilation of Maintenance Checks.

3

Copy from re:SearchTX

On August 26, 2022, Callan Marine issued a Witness Subpoena/Subpoena Duces Tecum to non-party Texas Access to Justice Foundation (the "Subpoena") requesting documents relating to four bank accounts maintained by The Buzbee Law Firm. Exhibit 9, Non-Party Subpoena. The Buzbee Law Firm electronically deposited many, if not all, of Plaintiff's maintenance checks into account number 133418—the first account identified in the Subpoena.

The account into which The Buzbee Law Firm electronically deposited many of Plaintiff's maintenance payments (account 133418) is just one of multiple accounts into which similar funds have been transferred. Evidence establishes that The Buzbee Law Firm has deposited Callan Marine's maintenance and cure payments into each of the accounts identified in the Subpoena. *See e.g.,* Exhibit 10, Check No. 1001 (reflecting a check made to Jose Maldonado and electronically deposited by The Buzbee Law Firm into an account numbered 6000398); Exhibit 11, Check No. 1051 (reflecting a check made to Denver Hall and electronically deposited by The Buzbee Law Firm into an account numbered 60001548); Exhibit 12, Check No. 1004 (reflecting a check made to Jose Maldonado and electronically deposited  by The Buzbee Law Firm into an account numbered 68853).

On September 6, 2022, Plaintiff objected and moved to quash the Subpoena or, alternatively, for protection seeking to prevent the discovery of the information requested from the Texas Access to Justice Foundation. *See* Exhibit 13, Plaintiff's Objections to the Witness Subpoena/Subpoena Duces Tecum of the Custodian of Records for the Texas Access to Justice Foundation.

For the reasons set forth below, Callan Marine respectfully requests the Court deny Plaintiff's Motion and grant Callan Marine's Motion to Compel compliance with the Subpoena.

Copy from re:SearchTX

### III.    Argument & Authorities

The "ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex. 1998) (quoting *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex. 1984)). Texas Rule 192.3(a) provides, in relevant part, that "a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action." Tex. R. Civ. P. 192.3(a). The phrase "relevant to the subject matter of the pending action" should be broadly construed. For example, the United States Supreme Court has interpreted it to mean "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case[,]" reasoning:

> Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of the case, for a variety of fact-oriented issues may arise during the litigation that are not related to the merits.

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (citations omitted).

In Texas, this phrase—"relevant to the subject matter of the pending action"—is interpreted in a similarly broad manner. As the Texas Supreme Court advised:

> We broadly construe the phrase "relevant to the subject matter" to provide litigants the opportunity "to obtain the fullest knowledge of the facts and issues prior to trial." Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fat is of consequence in determining the action."

*In re Nat'l Lloyds Ins. Co.,* 532 S.W.3d 794, 808 (Tex. 2017) (orig. proceeding) (footnotes omitted and quoting *Ford Motor Co. v. Castillo,* 279 S.W.3d 656, 664 (Tex. 2009) (quoting *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 (Tex. 1990)), Tex. R. Evid. 401, and *In re CSX Corp.,* 124

5

Copy from re:SearchTX

S.W.3d 149, 152 (Tex. 2003)); *see also In re Vaughn,* 2019 WL 962381 *1, *3 (Tex. App.—Corpus Christi 2019) ("What is 'relevant to the subject matter' is to be broadly construed.").

As the party seeking to avoid discovery, Plaintiff "must show a particular, specific, and demonstrable injury by facts sufficient to justify a protective order, and the trial court may not grant a protective order limiting discovery unless the party seeking such protection has met this burden." *In re Liberty Mut. Ins. Co.,* 2009 WL 441897 *1, 5 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Masinga v. Whittington,* 792 S.W.2d 940, 940 (Tex. 1990)). "Thus, the party resisting discovery is not free to make conclusory statements that the requested discovery is unduly burdensome or unnecessarily harassing, but, instead, must produce some evidence supporting its request for a protective order." *Id.* (citing *In re Alford Chevrolet-Geo,* 997 S.W.2d 173, 181 (Tex. 1999)).

As noted by Comment 7 to the 1999 change to Rule 192: "Courts should limit discovery under this rule only to prevent unwarranted delay and expense as stated more fully in the rule. A court abuses its discretion in unreasonably restricting a party's access to information through discovery." Tex. R. Civ. P. 192 cmt. 7 to 1999 change. A trial court also abuses its discretion when it limits discovery in the absence of evidence showing circumstances justifying a protective order. *In re Liberty Mutual Co.,* 2009 WL 441897 at *15.

In deciding whether a protective order is appropriate, the trial court is instructed to balance the parties' interests. *Garcia v. Peeples,* 734 S.W.2d 343, 348 (Tex. 1987) (holding that the trial court should have balanced the parties' competing needs before granting a protective order); *Eurecat US, Inc. v. Marklund,* 527 S.W.3d 367, 376 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (same). This balancing test is codified in Texas Rule 192.4(b). *Eurecat US, Inc.,* 527 S.W.3d at 376 ("The trial court's balancing test is codified in Texas Rule [] 192.4(b).").

Copy from re:SearchTX

Here, Plaintiff's Motion should be denied because (1) the discovery Callan Marine seeks is relevant and necessary for evaluating Plaintiff's allegations and preparing Callan Marine's defense thereto, and (2) Plaintiff failed to meet its burden to introduce evidence establishing a "particular, specific, and demonstrable injury" sufficient to justify a protective order.

### A.   The Subpoena seeks relevant and discoverable information.

Plaintiff contends the Subpoena seeks irrelevant information that "do[es] not relate to any claim or defense" and is "not related in any way to the issues involved in the litigation." Plaintiff is incorrect.

Plaintiff's petition falsely alleges that Callan Marine has "denied payment and/or has unreasonably delayed [maintenance] payments…and/or has paid maintenance and cure in an insufficient amount." Exhibit 2 at ¶ XV. The evidence, however, establishes that Callan Marine *has* consistently made maintenance payments to Plaintiff since December 2020. *See* Exhibit 5. Callan Marine is not wrongfully withholding maintenance payments from Plaintiff and is fully complying with its legal obligations to pay maintenance. The evidence establishes that The Buzbee Law Firm electronically deposited many of these checks into a "business checking" account numbered "133418"—one of the accounts identified in the Subpoena. *See* Exhibit 9 at Requests 1-4.

**If, as Plaintiff alleges in his petition, he is not receiving Callan Marine's maintenance payments, where did the money go?** The answer to this question is undoubtedly relevant to evaluate and rebut Plaintiff's allegations and Callan Marine is entitled to investigate same.[2]

---

[2] An employer may have a legal obligation to provide an employee with the benefit of maintenance and cure if the employee is injured while in the service of a vessel. Callan Marine paid all maintenance and cure benefits under protest and does not concede that any such legal obligation exists because, in part, Callan Marine does not believe Plaintiff was injured at all, let alone while in service of a vessel. Regardless of the outcome of that dispute, however, the law entitles an employer, like Callan Marine, to investigate claims

7

Copy from re:SearchTX

Moreover, the information is relevant and necessary to evaluate the true extent of Plaintiff's alleged injury. More specifically, Plaintiff alleges that his condition worsened because he hasn't received maintenance and cure payments. *See* Exhibit 2 at ¶ XV. If The Buzbee Law Firm is not providing Plaintiff with the maintenance funds Callan Marine consistently pays, then either (1) Plaintiff's allegation of additional harm was made—and continues to be made—in bad faith and/or (2) any additional harm was caused by The Buzbee Law Firm *not* Callan Marine. Regardless, Callan Marine is entitled to discovery so that it can get to the bottom of the discrepancy between the evidence, on the one hand, and Plaintiff's allegations, on the other.

Callan Marine only seeks to confirm that The Buzbee Law Firm deposited the maintenance checks Callan Marine sent for the benefit of Plaintiff into a separate trust account. It is not seeking to get any further private information about the accounts, such as what other deposits were made, deposit amounts, balances, statements, or the like. In fact, Texas Access to Justice Foundation does not even maintain such information. Because an attorney must hold a client's funds separate from the lawyer's own property, each of the accounts identified in the Subpoena are presumably IOLTA accounts. *See* Tex. Disciplinary R. Prof'l Conduct 1.14. Callan Marine seeks this information to confirm its assumption. Callan Marine's discovery request is undoubtedly relevant and should be uncontroversial.

**B.    Plaintiff failed to satisfy its burden of proof necessary to obtain a protective order.**

Plaintiff seeks protection from the Subpoena arguing that it is (1) overbroad; (2) unduly burdensome; (3) harassing; and (4) irrelevant. Plaintiff's Motion makes only a passing reference,

---

for maintenance and cure benefits. *See Thomas v. Hercules Offshore Services, L.L.C.*, 713 Fed. Appx. 382, 386 (5th Cir. 2018). That is precisely what Callan Marine seeks to do via the Subpoena: investigate claims for maintenance and cure benefits.

Copy from re:SearchTX

at best, to the scope of the Subpoena and the alleged burden imposed upon Plaintiff by this non-party discovery. To the extent the Court believes the Subpoena is overly broad, Callan Marine is willing to restrict the Subpoena's scope to the time period 2020 through the present.

As to Plaintiff's objection that the Subpoena is harassing, it is worth noting that Plaintiff acknowledges that the Subpoena merely seeks "information on the designation of Plaintiff's counsel's IOLTA bank accounts." A production request cannot be harassing if, for example, it seeks documents that are relevant or reasonably calculated to lead to the discovery of admissible evidence. *ISK Biotech Corp. v. Lindsay,* 933 S.W.2d 565, 568 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) ("[W]e have already concluded, however, that these production requests were reasonably calculated to lead to the discovery of admissible evidence; a request that meets that criterion is manifestly not … 'sought solely for the purposes of harassment.'"). Such is the case here.

Fatal to Plaintiff's Motion, however, is Plaintiff's failure to produce any evidence establishing "a particular, specific, and demonstrable injury by facts sufficient to justify a protective order." *In re Liberty Mut. Ins. Co.,* 2009 WL 441897 at *5. Plaintiff "is not free to make conclusory statements that the requested discovery is unduly burdensome or unnecessarily harassing, but, instead, must produce some evidence supporting its request for a protective order." *Id.* (citing *In re Alford Chevrolet-Geo,* 997 S.W.2d 173, 181 (Tex. 1999)). Plaintiff failed to do so. Accordingly, it would be an abuse of discretion to grant Plaintiff's Motion and prevent Callan Marine from obtaining the discovery necessary to evaluate Plaintiff's allegations and deposition testimony and prepare Callan Marine's defenses. *See id.* at *15 ("A trial court abuses its discretion when it limits discovery in the absence of evidence showing circumstances justifying a protective order.").

9

Copy from re:SearchTX

### IV.    Motion to Compel

Callan Marine requests an Order compelling non-party Texas Access for Justice Foundation's compliance with the Subpoena. As discussed above, Callan Marine seeks to discover relevant and straightforward information, namely confirmation that the maintenance checks it has consistently sent to The Buzbee Law Firm are being held in trust for Plaintiff's benefit. It is not an abuse of discretion to order production of IOLTA information. *See In re Vaughn,* 2019 WL 962381 at *7 (concluding "trial court, on this record, did not abuse its discretion in ordering [the] production" of IOLTA bank statements).

### V.    Conclusion

The evidence establishes that Callan Marine has consistently honored its maintenance obligation, if any, owed to Plaintiff. Yet, in his Petition, Plaintiff put into issue his receipt of the maintenance payments Callan Marine has repeatedly and consistently sent. There can be no doubt Plaintiff's counsel received the funds and electronically deposited many, if not all, of them into an account labeled "Business Checking." In an attempt to get to the bottom of the discrepancy between Plaintiff's allegations and the evidence, Callan Marine seeks discovery confirming that the account(s) into which Plaintiff's maintenance checks were deposited are IOLTA accounts in which The Buzbee Law Firm is holding Plaintiff's funds in trust. This evidence goes to the heart of issues raised by Plaintiff. Accordingly, Plaintiff's Motion to Quash and Motion for Protection should be denied.

Because the requested discovery is relevant and discoverable, Callan Marine respectfully requests an Order compelling Texas Access to Justice Foundation's compliance with the Subpoena.

10

Copy from re:SearchTX

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES LLP**

By: */s/ Rusty Hardin*
Rusty Hardin
State Bar No. 08972800
Daniel R. Dutko
State Bar No. 24054206
Leah Graham
State Bar No. 24073454
Victoria R. Brown
State Bar No. 24118679
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
rhardin@rustyhardin.com
ddutko@rustyhardin.com
lgraham@rustyhardin.com
tbrown@rustyhardin.com

**FROST BROWN TODD, LLC**
By: */s/ Kenneth W. Bullock*
Kenneth W. Bullock, II
State Bar No. 24055227
Melissa D. Kirby
State Bar No. 24105431
Lindsay M. Contreras
State Bar No. 24094164
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: (713) 590-9300
Facsimile: (713) 590-9399
kbullock@ftblaw.com
mkirby@ftblaw.com
lcontreras@ftblaw.com

**ATTORNEYS FOR DEFENDANT,
CALLAN MARINE, LTD.**

11

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney for Defendant Callan Marine, Ltd., certifies that a true and correct copy of the foregoing has been served upon all known counsel of record by the method of service indicated on this, the 12th day of September 2022.

*Via Electronic Service*
Mr. Anthony G. Buzbee
Mr. Christopher J. Leavitt
Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

*Attorneys for Plaintiff*

/s/ *Daniel R. Dutko*
Daniel R. Dutko

12

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Gibson on behalf of Daniel Dutko
Bar No. 24054206
cgibson@rustyhardin.com
Envelope ID: 68158176
Status as of 9/12/2022 2:06 PM CST

Associated Case Party: Guadalupe Garza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Salto | | jsalto@txattorneys.com | 9/12/2022 1:22:50 PM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 9/12/2022 1:22:50 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 9/12/2022 1:22:50 PM | SENT |

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Gibson on behalf of Daniel Dutko
Bar No. 24054206
cgibson@rustyhardin.com
Envelope ID: 68158176
Status as of 9/12/2022 2:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan K.Higgins | | rhiggins@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Bridget Daspit | | bdaspit@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Shannon Campbell | | scampbell@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Leah MGraham | | lgraham@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| John MacVane | | jmacvane@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Sandra Dominguez | | sdominguez@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Daniel R.Dutko | | ddutko@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Victoria Reilly | | treilly@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Rusty Hardin | | rhardin@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |
| Cathy Gibson | | cgibson@rustyhardin.com | 9/12/2022 1:22:50 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this
document via email generated by the efiling system on the date and to the persons listed below.
The rules governing certificates of service have not changed. Filers must still provide a certificate
of service that complies with all applicable rules.

Cathy Gibson on behalf of Daniel Dutko
Bar No. 24054206
cgibson@rustyhardin.com
Envelope ID: 68158176
Status as of 9/12/2022 2:06 PM CST
Associated Case Party: Callan Marine, LTD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melissa DKirby | | mkirby@fbtlaw.com | 9/12/2022 1:22:50 PM | SENT |
| Lindsay Contreras | | lcontreras@fbtlaw.com | 9/12/2022 1:22:50 PM | SENT |
| Kenneth W.Bullock | | kbullock@fbtlaw.com | 9/12/2022 1:22:50 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 1

Copy from re:SearchTX

Filed
7/17/2020 6:45 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2020CCV-61002-3

**CAUSE NO. _____**

| | | |
|---|---|---|
| GUADALUPE GARZA | § | IN THE ____ COUNTY COURT OF |
| *Plaintiff,* | § | |
| | § | NUECES COUNTY, TEXAS |
| VS. | § | |
| | § | |
| CALLAN MARINE, LTD. | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

Plaintiff complains of Callan Marine, Ltd. and for cause of action respectfully shows this Honorable Court the following:

**I.**

Discovery in this matter will be conducted pursuant to Level 2.

**II.**

Plaintiff was a resident of Hidalgo County, Texas at the time this cause of action arose.

**III.**

Defendant Callan Marine, Ltd. is a Texas corporation doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served via certified mail through its registered agent for service in this State, TODD P SULLIVAN, at 4800 OLD PORT INDUSTRIAL ROAD, GALVESTON, TX 77554.

**IV.**

Venue is proper in this matter, in that the cause of action arose out of an incident which occurred in Nueces County, Texas.

Copy from re:SearchTX

V.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 688.

VI.

At all times material hereto, Plaintiff was aboard a vessel owned and operated by Defendant, and was in the employ of Defendant, acting within the course and scope of his employment as a seaman.

VII.

On or about July 15, 2020 Plaintiff was performing his regular duties while assigned to Defendant's vessel. Plaintiff was working near the crane, which was leaking oil. While working Plaintiff slipped and fell on this oil and injured his back. He suffered serious injury as a result. Plaintiff brings claims under the Jones Act, for general maritime negligence, and for unseaworthiness.

VIII.

By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

IX.

As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

Copy from re:SearchTX

**X.**

Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

**XI.**

Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

**XII.**

Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**XIII.**

Plaintiff is physically impaired as a result of injuries sustained. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

**XIV.**

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

**XV.**

Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has

Page **3** of **5**

Copy from re:SearchTX

denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

Plaintiff would further show that Callan personnel interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Callan management knew Plaintiff was injured, but attempted to hide such injuries from Callan's contract partner, and attempted to force Plaintiff to work beyond doctor restrictions.

Plaintiff would also show that Callan is guilty of willful and wanton misconduct in failing to provide a seaworthy vessel, specifically the failure to have adequately trained personnel operating the crane in use holding the anchor, proper safeguards against striking workers with the anchor, and proper equipment for securing the anchor while out of the water. Callan is guilty of gross negligence, actual malice or criminal indifference, which is the equivalent of reckless and wanton misconduct in the breach of the general maritime duty to provide a seaworthy vessel. As such, Plaintiff seeks punitive damages against Callan.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant Callan Marine, Ltd. for no less than TWO MILLION, FIVE HUNDRED THOUSAND ($2,500,000.00) DOLLARS, plus pre- and post-judgment interest at the legal rate,

Copy from re:SearchTX

for all costs of court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Christopher J. Leavitt
State Bar No. 24053318
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
www.txattorneys.com
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

# EXHIBIT 2

Copy from re:SearchTX

Filed
11/29/2021 4:16 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

Case: 25CI1:25-cv-00177-WLK     Document #: 6-1     Filed: 03/11/2025     Page 24 of 102

## CAUSE NO. 2020CCV-61002-3

| | | |
|---|---|---|
| GUADALUPE GARZA | § | IN COUNTY COURT AT LAW 3 |
| *Plaintiff,* | § | |
| | § | NUECES COUNTY, TEXAS |
| VS. | § | |
| | § | |
| CALLAN MARINE, LTD. | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THIS HONORABLE COURT:

Plaintiff complains of Callan Marine, Ltd. and for cause of action respectfully shows this Honorable Court the following:

### I.

Discovery in this matter will be conducted pursuant to Level 2.

### II.

Plaintiff was a resident of Hidalgo County, Texas at the time this cause of action arose.

### III.

Defendant Callan Marine, Ltd. is a Texas corporation doing business in the State of Texas for the purpose of accumulating monetary profit. It may be served via certified mail through its registered agent for service in this State, TODD P SULLIVAN, at 4800 OLD PORT INDUSTRIAL ROAD, GALVESTON, TX 77554.

### IV.

Venue is proper in this matter, in that the cause of action arose out of an incident which occurred in Nueces County, Texas.

## V.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 30104.

## VI.

At all times material hereto, Plaintiff was aboard a vessel owned and operated by Defendant, and was in the employ of Defendant, acting within the course and scope of his employment as a seaman.

## VII.

On or about July 15, 2020 Plaintiff was performing his regular duties while assigned to Defendant's vessel Eisenhower. Plaintiff was working near the crane, which was leaking oil. While working Plaintiff slipped and fell on this oil and injured his back. He suffered serious injury as a result. Plaintiff brings claims under the Jones Act, for general maritime negligence, and for unseaworthiness.

## VIII.

By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## IX.

As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

Copy from re:SearchTX

X.

Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

XI.

Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

XII.

Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XIII.

Plaintiff is physically impaired as a result of injuries sustained. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

XIV.

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

XV.

Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel. As a result, Defendant has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure. Plaintiff would show that he has not

Page **3** of **6**

Copy from re:SearchTX

reached maximum medical improvement and that Defendant's duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

Plaintiff would further show that Callan personnel interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Callan management knew Plaintiff was injured, but attempted to hide such injuries from Callan's contract partner, and attempted to force Plaintiff to work beyond doctor restrictions.

Plaintiff would also show that Callan is guilty of willful and wanton misconduct in failing to provide a seaworthy vessel, specifically the failure to have adequately trained personnel operating the crane in use holding the anchor, proper safeguards against striking workers with the anchor, and proper equipment for securing the anchor while out of the water. Callan is guilty of gross negligence, actual malice or criminal indifference, which is the equivalent of reckless and wanton misconduct in the breach of the general maritime duty to provide a seaworthy vessel. As such, Plaintiff seeks punitive damages against Callan.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant Callan Marine, Ltd. for no less than TWO MILLION, FIVE HUNDRED

Copy from re:SearchTX

THOUSAND ($2,500,000.00) DOLLARS, plus pre- and post-judgment interest at the legal rate,

for all costs of court, and all such other and further relief, at law and in equity, to which he may

be justly entitled.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Christopher J. Leavitt*
Anthony G. Buzbee
tbuzbee@txattorneys.com
State Bar No. 24001820
Christopher J. Leavitt
cleavitt@txattorneys.com
info@txattorneys.com
State Bar No. 24053318
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on November 29, 2021 as set forth below:

*Via E-Serve*
Susan Noe Wilson
snoewilson@sbsblaw.com
Michael Hogue
mhogue@sbsblaw.com
Marilyn Vilandos
mvilandos@sbsblaw.com
Melissa D. Anderson
manderson@sbsblaw.com
SCHOUEST, BAMDAS, SOSHEA & BENMAIER
1001 McKinney Street, Suite 1400
Houston, TX 77002

*Via E-Serve*
Rusty Hardin
rharding@rustyhardin.com
Ryan Higgins
rhiggins@rustyhardin.com
Daniel R. Dutko
ddutko@rustyhardin.com
Leah Graham
lgraham@rustyhardin.com
John MacVane
jmacvane@rustyhardin.com
Victoria Reilly
treilly@rustyhardin.com
RUSTY HARDIN & ASSOCIATES LLP
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010

*/s/ Christopher J. Leavitt*
Christopher J. Leavitt

Page **6** of **6**

Copy from re:SearchTX

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 59526240
Status as of 12/1/2021 9:20 AM CST

Associated Case Party: Guadalupe Garza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Salto | | jsalto@txattorneys.com | 11/29/2021 4:16:08 PM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 11/29/2021 4:16:08 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 11/29/2021 4:16:08 PM | SENT |

Associated Case Party: Callan Marine, LTD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan NoeWilson | | snoewilson@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Michael W.Hogue | | mhogue@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Robert PVIning | | rvining@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Melissa Anderson | | manderson@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Amy Durocher | | adurocher@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Marilyn Vilandos | | mvilandos@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Dylan Hoke | | dhoke@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Celina Saenz | | csaenz@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| Sonja M.Beard | | sbeard@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |
| John Schwambach | | jschwambach@sbsblaw.com | 11/29/2021 4:16:08 PM | SENT |

Case Contacts

| Name |
|------|
| Ryan K.Higgins |
| Bridget Daspit |
| Shannon Campbell |
| Sandra Dominguez |

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 59526240
Status as of 12/1/2021 9:20 AM CST

Case Contacts

| Leah MGraham | | lgraham@rustyhardin.com | 11/29/2021 4:16:08 PM | SENT |
|---|---|---|---|---|
| John MacVane | | jmacvane@rustyhardin.com | 11/29/2021 4:16:08 PM | SENT |
| Daniel R.Dutko | | ddutko@rustyhardin.com | 11/29/2021 4:16:08 PM | SENT |
| Rusty Hardin | | rhardin@rustyhardin.com | 11/29/2021 4:16:08 PM | SENT |
| Cathy Gibson | | cgibson@rustyhardin.com | 11/29/2021 4:16:08 PM | SENT |
| Vera Cardenas | | vcardenas@rustyhardin.com | 11/29/2021 4:16:08 PM | SENT |
| Victoria Reilly | | treilly@rustyhardin.com | 11/29/2021 4:16:08 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 3

Copy from re:SearchTX

Filed
8/25/2020 3:09 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2020CCV-61002-3

| | | |
|---|---|---|
| GUADALUPE GARZA | § | IN COUNTY COURT AT LAW 3 |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CALLAN MARINE, LTD. | § | NUECES COUNTY, TEXAS |
| *Defendant.* | § | |

## DEFENDANT CALLAN MARINE, LTD.'S
## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

Defendant Callan Marine, Ltd. ("Defendant" or "Callan Marine") files these Special Exceptions and Original Answer to Plaintiff Guadalupe Garza's Original Petition and would respectfully show the Court the following:

### SPECIAL EXCEPTIONS

1.    The purpose of Special Exceptions is to force an adverse party to clarify its pleadings when they are not clear or sufficiently specific. *Connolly v. Gasmire*, 257 S.W.3d 831, 839 (Tex. App.—Dallas 2008, no pet.). Special exceptions may also be used to determine whether a party has stated a claim or defense permitted by law. *Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.—Corpus Christi 2002, pet. denied) (citing TEX. R. CIV. P. 91).

2.    Defendant specially excepts to Section V of Plaintiff's Original Petition, as it does not give fair notice of the basis on which Plaintiff brings his action. Title 46 USC § 688 is a statute that is no longer in force. Defendant asks the Court to require Plaintiff to amend his Original Petition to base his cause of action on a valid statute.

3.    Defendant specially excepts to Section VI of Plaintiff's Original Petition, as it does not give fair notice of the vessel Plaintiff claims to have been working on. Defendant requests that Plaintiff amend his pleading to clarify the vessel on which he was working. Defendant asks the

Copy from re:SearchTX

Court to require Plaintiff to provide more than general statements in order to give fair notice of the facts upon which he bases his claims.

4.    Defendant specially excepts to the second paragraph in Section XV of Plaintiff's Original Petition, as it does not identify the contract partner from which Defendant attempted to hide Plaintiff's alleged injuries. Defendant has not attempted to hide anything from a contract partner or anyone else. Defendant asks the Court to require Plaintiff to provide more than a vague, general statement in order to give fair notice of the facts upon which he bases his claims.

## GENERAL DENIAL

5.    As authorized by Rule 92 of the Texas Rules of Civil Procedure, Callan Marine enters a general denial of matters pleaded by Plaintiff Guadalupe Garza ("Plaintiff") in his Original Petition (hereinafter "Petition") and requests that this Court require Plaintiff to prove said charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

## AFFIRMATIVE DEFENSES

6.    The Petition fails to state a claim or cause of action against the Defendant upon which relief can be granted.

7.    The sole or contributing cause of the alleged accidents was the fault, carelessness, misconduct, negligence, and/or want of due care on the part of third parties or others for whom Defendant is not responsible. These acts or omissions serve as a complete bar to, or join in diminution of, Plaintiff's recovery against Defendant.

8.    Plaintiff's injuries, if any, were caused exclusively by his own negligence, which negligence is pleaded as a complete bar to, or in diminution of, Plaintiff's recovery against Defendant.

Copy from re:SearchTX

9.     Plaintiff's injuries, if any, were caused exclusively by the known risks and hazards of his employment, all of which Plaintiff voluntarily assumed.

10.    Plaintiff's injuries, if any, were caused by the ordinary and normal risks incident to his occupation, for which Defendant is not responsible.

11.    Plaintiff assumed the risk of injury, if any.

12.    Plaintiff's injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening, intentional and/or superseding causes for which Defendant is not legally responsible.

13.    Plaintiff's injuries, if any, were caused by a fellow servant.

14.    Plaintiff's damages, if any, are barred in whole or in part as they are the result of a pre-existing condition and were not caused by any act or omission of negligence and/or gross negligence of Defendant and/or unseaworthiness.

15.    Defendant did not breach any duty owed to Plaintiff.

16.    Defendant's actions or inactions were not a cause in fact of the Plaintiff's alleged damages.

17.    Defendant's vessels, their appurtenances and crew, at all relevant times, were reasonably fit and safe for their intended purposes.

18.    Plaintiff has failed to and/or breached his duty to mitigate his damages, if any. Plaintiff's recovery, if any, should be barred or reduced accordingly.

19.    Defendant requests an offset and credit for payments made to Plaintiff by third parties, as well as for any compensation he receives or has received through workers compensation, Medicare, the Social Security Administration, and/or private health, retirement, and/or welfare benefits. Defendant also affirmatively pleads all rights to limitation of damages, bifurcation,

specificity of award and all other rights as articulated in Chapter 41 of the Texas Civil Practice and Remedies Code.

20.     Defendant specifically denies the allegations that it committed acts of negligence and/or gross negligence, that the vessel was unseaworthy, and that it is liable to Plaintiff for any sum or type of pecuniary, nonpecuniary or punitive damages of any other sort.

21.     Defendant hereby invokes the doctrine of proportionate responsibility and requests that Plaintiff's recovery, if any, be reduced and apportioned. Defendant further requests that a comparative fault question be submitted for the jury's consideration.

22.     Plaintiff's alleged injury did not occur within the course and scope of his employment and was not related to his work.

23.     In connection with Plaintiff's claim for maintenance and cure benefits, such benefits are not owed to Plaintiff because the injury or injuries about which Plaintiff complains did not occur during the course and scope of his employment and was not work-related.

24.     In connection with Plaintiff's unseaworthiness claim, no unseaworthy condition of the vessel(s) was a proximate cause of Plaintiff's alleged injuries.

25.     Defendant's actions or inactions are not a cause in fact of the Plaintiff's alleged damages.

26.     Plaintiff received medical treatments that were unnecessary and/or were unrelated to the subject accident.

27.     To the extent that damages, injuries and/or harm are alleged that Plaintiff has not yet sustained, but which are alleged may arise in the future, such claims are barred as being premature and/or entirely speculative.

28.     Plaintiff is not entitled to recover punitive damages as alleged.

29.     Defendant answers any allegations of gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages as follows:

a.     Plaintiff is not entitled to exemplary or punitive damages under the Jones Act, 46 U.S.C. § 30104(a), and/or the doctrine of unseaworthiness.

b.     Defendant invokes and relies upon the limitations placed upon an award of exemplary or punitive damages as set forth in Texas Civil Practice and Remedies Code Section 41.008. In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice and Remedies Code Section 41.008, this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice and Remedies Code Section 41.008 are not exceeded.

c.     In addition to the limitations and caps set forth above, Defendant herein relies upon the entirety of Texas Civil Practice and Remedies Code Chapter 41, including, but not limited to, statutory provisions set forth therein providing for the proper clear and convincing burden of proof as to alleged exemplary or punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact.

d.     Plaintiff's claim for gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's right to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15 and 19 of the Texas Constitution.

e.     Plaintiff's claims for gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages should be proven beyond a reasonable doubt.

f.    Exemplary or punitive damages cannot be awarded against Defendant because, in part, Defendant will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

g.    Plaintiff's claim for gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

h.    Plaintiff's claim for gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

i.    Plaintiff's claims for gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

j.    Plaintiff's claim for gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages should not be assessed, in part, because defendants in civil cases who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact, must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

k.    Plaintiff's claim for gross negligence, "actual malice," "criminal indifference," and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process.

l.    Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to Plaintiff's claim for gross negligence, "actual malice," "criminal indifference," and

Copy from re:SearchTX

exemplary or punitive damages, but Defendant receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

m.        There can be no award for exemplary or punitive damages, because, at a minimum, Defendant exercised some care and, in fact, was not negligent.

n.        Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable and excessive, and in violation of the United States and Texas Constitutions.

o.        The United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages. *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 515 (2008). While denying that exemplary or punitive damages are available to Plaintiff in this matter, or that *Baker* applies to a maritime personal injury action, any award of exemplary or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

p.        Plaintiff's claims for exemplary or punitive damages against Defendant cannot be sustained because any award of exemplary or punitive damages without bifurcating the trial as to all exemplary or punitive-damage issues would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

30.        Pursuant to Texas Civil Practice and Remedies Code Section 41.0105, the recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

31.    Subject to and without waiving the foregoing, Defendant asserts it is entitled to limitation

or exoneration of liability pursuant to the Federal Rules of Civil Procedure and Rule F of the

Supplemental Rules for Certain Admiralty and Maritime Claims and the Limitation of Liability

Act, 46 U.S.C. §30501, et seq.

32.    Defendant reserves the right to amend its Answer to Plaintiff's Original Petition after it has

had an opportunity to more closely investigate these claims as is its right and privilege under the

Texas Rules of Civil Procedure and the laws of the State of Texas.

### RULE 194 REQUEST FOR DISCLOSURE

Defendant asks Plaintiff to disclose the information or material described in Texas Rule of

Civil Procedure 194.2.

### PRAYER FOR RELIEF

For these reasons, Defendant asks the Court to dismiss all of Plaintiff's claims, assess costs

against Plaintiff, and award Defendant all other relief to which it is entitled.

Copy from re:SearchTX

Respectfully submitted,

SCHOUEST, BAMDAS, SOSHEA & BENMAIER

BY: /s/ *Susan Noe Wilson*

**SUSAN NOE WILSON**
Texas Bar No. 15055025
snoewilson@sbsblaw.com
**MICHAEL W. HOGUE**
Texas Bar No. 09809800
mhogue@sbsblaw.com
**JOHN C. SCHWAMBACH, JR.**
Texas Bar No. 17858450
jschwambach@sbsblaw.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
**ATTORNEYS FOR DEFENDANT,
CALLAN MARINE, LTD.**

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document on the following parties by the
**efile.txcourts.gov** on this 25th day of August 2020.

Anthony G. Buzbee
Christopher J. Leavitt
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, Texas 77002
Anthony G. Buzbee (tbuzbee@txattorneys.com)
Christopher J. Leavitt (cleavitt@txattorneys.com)

/s/ *Susan Noe Wilson*
**SUSAN NOE WILSON**

Copy from re:SearchTX

# EXHIBIT 4

Copy from re:SearchTX

**From:** Jessica Salto <jsalto@txattorneys.com>
**Sent:** Tuesday, May 19, 2020 4:25 PM
**To:** Sarah Maddox <smaddox@sbsblaw.com>; Robert Vining <rvining@sbsblaw.com>
**Cc:** Chris Leavitt <Cleavitt@txattorneys.com>
**Subject:** RE: Bermudez v. Callan Marine, Ltd.: Maintenance and Cure & Medical Release

Sarah, Robert,

Please have the Maintenance and Cure check sent to our office located at 600 Travis Street, Suite 7300, Houston, TX 77002.

Thank you!

Sincerely,

Copy from re:SearchTX

Copy from re:SearchTX

**Jessica Salto**
Legal Assistant to Christopher Leavitt
**The BUZBEE Law Firm**
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
jsalto@txattorneys.com
www.txattorneys.com

CONFIDENTIALITY STATEMENT: This electronic message contains information from The Buzbee Law Firm and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please notify us immediately by reply email or by telephone at 713/223-5393 and delete the material from any computer.

**From:** Sarah Maddox <smaddox@sbsblaw.com>
**Sent:** Tuesday, May 19, 2020 10:44 AM
**To:** Chris Leavitt
**Cc:** Robert Vining
**Subject:** : Bermudez v. Callan Marine, Ltd.: Maintenance and Cure & Medical Release

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Leavitt,

Please find our attached response regarding Mr. Bermudez's demand for Maintenance and Cure.

Kind regards,

## Sarah G. Maddox

Associate Attorney, Houston Office



Schouest, Bamdas, Soshea & Ben Maier PLLC
1001 McKinney, Suite 1400
Houston | Texas | 77002
(713) 588-0446 | Office
(832) 519-0442 | Direct
(713) 574-2942 | Fax

The information transmitted, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited, and all liability arising therefrom is disclaimed. If you received this in error, please contact the

sender and delete the material from any computer. Thank you.

Copy from re:SearchTX

# EXHIBIT 5

Copy from re:SearchTX

CAUSE NO. 2020CCV-61002-3

| | | |
|---|---|---|
| GUADALUPE GARZA | § | IN THE COUNTY COURT AT LAW 3 |
| *Plaintiff.* | § | |
| | § | |
| v. | § | |
| | § | |
| CALLAN MARINE, LTD. | § | |
| *Defendant.* | § | NUECES COUNTY, TEXAS |

### UNSWORN DECLARATION OF KENNETH W. BULLOCK II

1.  My name is Kenneth W. Bullock II. My address is 4400 Post Oak Parkway, Ste. 2850, Houston, Texas 77027. I am over 18 years of age, of sound mind, and capable of making this declaration. I declare under penalty of perjury that the following is true and correct.

2.  I am an attorney licensed to practice in the State of Texas. I am an attorney of record representing Callan Marine, Ltd. in several lawsuits filed by The Buzbee Law Firm. The Buzbee Law Firm represents multiple clients suing Callan Marine asserting, among others, claims for negligence under the Jones Act, and claims for unseaworthiness and for maintenance and cure benefits under General Maritime Law.

3.  While Plaintiff's May 19th email—directing Callan Marine to send maintenance payments directly to the Buzbee Law Firm—related to a separate claimant, Callan Marine understood this request to apply to every claimant represented by The Buzbee Law Firm, including Plaintiff Guadalupe Garza.

4.  Callan Marine has consistently paid maintenance to Plaintiff since December 2020. The table below accurately reflects the check number, date, and amount of maintenance paid by Callan Marine and sent to The Buzbee Law Firm:

1

Copy from re:SearchTX

| Date | Check Number | Amount |
|---|---|---|
| 12/14/2020 | 1063 | $6,120.00 |
| 12/23/2020 | 1072 | $640.00 |
| 1/8/2021 | 1100 | $600.00 |
| 1/22/2021 | 1139 | $640.00 |
| 2/9/2021 | 1167 | $600.00 |
| 2/20/2021 | 1175 | $520.00 |
| 3/9/2021 | 1208 | $600.00 |
| 3/23/2021 | 1223 | $640.00 |
| 4/9/2021 | 1245 | $600.00 |
| 4/23/2021 | 1297 | $600.00 |
| 5/6/2021 | 1310 | $600.00 |
| 5/25/2021 | 1331 | $640.00 |
| 6/9/2021 | 1382 | $600.00 |
| 6/22/2021 | 1392 | $600.00 |
| 7/8/2021 | 1425 | $600.00 |
| 7/23/2021 | 1466 | $640.00 |
| 8/11/2021 | 1481 | $600.00 |
| 8/24/2021 | 1503 | $640.00 |
| 9/9/2021 | 1527 | $600.00 |
| 9/23/2021 | 1550 | $600.00 |
| 10/7/2021 | 1567 | $600.00 |
| 10/26/2021 | 1582 | $640.00 |
| 11/9/2021 | 1596 | $600.00 |
| 11/22/2021 | 1614 | $600.00 |
| 12/8/2021 | 1645 | $600.00 |
| 12/22/2021 | 1662 | $640.00 |
| 1/7/2022 | 1687 | $600.00 |
| 1/24/2022 | 1703 | $640.00 |
| 2/3/2022 | 1713 | $600.00 |
| 2/22/2022 | 1721 | $520.00 |
| 3/8/2022 | 1731 | $600.00 |
| 3/23/2022 | 1745 | $640.00 |
| 4/8/2022 | 1780 | $600.00 |
| 4/22/2022 | 1819 | $600.00 |
| 5/9/2022 | 1840 | $600.00 |
| 5/24/2022 | 1856 | $640.00 |
| 6/7/2022 | 1871 | $600.00 |
| 6/23/2022 | 1887 | $600.00 |
| 7/8/2022 | 1903 | $600.00 |

Copy from re:SearchTX

| 7/22/2022 | 1916 | $640.00 |
| 8/8/2022 | 1941 | $600.00 |
| 08/23/2022 | 1954 | $640.00 |
| 09/08/22 | 1978 | $600.00 |

5. As of September 8, 2022, Callan Marine paid maintenance to Guadalupe Garza totaling $31,680.00.

6. Based on copies received of the deposited checks, it appears The Buzbee Law Firm electronically deposited many of these checks into an account numbered 133418 and labeled "Business Checking." A true and correct compilation of some of the maintenance checks to Guadalupe Garza and proof of The Buzbee Law Firm's electronic deposit thereof are attached as Exhibit 8 to Callan Marine's Response to Plaintiff's Motion to Quash or, alternatively, for Protection and Callan Marine's Motion to Compel (the "Response and Motion to Compel").

7. Attached as Exhibits 10, 11, and 12 to the Response and Motion to Compel are true and correct copies of maintenance checks sent to The Buzbee Law Firm for payment to other clients also asserting Jones Act and maritime claims against Callan Marine. Exhibits 10, 11, and 12, likewise, reflect The Buzbee Law Firm's electronic deposit of maintenance payments into one of multiple accounts.

8. This is my complete statement.

Executed in Fort Bend County, Texas, on the 9th day of September 2022.



Kenneth W. Bullock II

3

Copy from re:SearchTX

# EXHIBIT 6

Copy from re:SearchTX

 *H & H Claims Consultants*

December 11, 2020

Mr. Chris Leavitt
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, Texas 77002

RE:    INSURED          :    CALLAN MARINE, LTD
       CLAIMANT         :    GUADALUPE GARZA
       DATE/INCIDENT    :    JULY 15, 2020
       DREDGE           :    GENERAL EISENHOWER
       OUR FILE NO.     :    10.8083

Dear Mr. Leavitt:

Attached, please find the maintenance check in the amount of $6,120.00 made payable to Guadalupe Garza. Please note that maintenance is being issued at a rate of $40.00/day, and this check covers the dates of July 16, 2020 through December 15, 2020. We trust that you will forward this check to your client. Additionally, it should be noted that Callan Marine, LTD is issuing maintenance under protest while reserving all rights it has to contest Mr. Garza's entitlement to same. Should you have any questions or concerns in regard to the above or attached, please do not hesitate to contact the undersigned at your earliest opportunity.

Yours very truly,
H&H Claims Consultants

Kevin A. Hirschfield

Kevin A. Hirschfield
KAH/wc

CC:    Mrs. Susan Noe Wilson/Mrs. Kelly Haas
       Schouest, Bamdas, Soshea & BenMaier PLLC
       1001 McKinney Street, Suite 1400
       Houston, Texas 77002
       With Enclosures

40 Cypress Creek Parkway #435 • Houston, Texas 77090-3530
Phone: 281-350-9996 • Fax: 281-350-9986 • Email: Kevin@hhclaims.com

Copy from re:SearchTX

Case: 25CI1:25-cv-00177-WLK    Document #: 6-1    Filed: 03/11/2025    Page 52 of 102

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

01063
12/14/2020

AMOUNT

PAY  Six Thousand One Hundred Twenty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * *    |$   *****6120.00|

VOID AFTER 180 DAYS

TO THE
ORDER OF   GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO:MAINTENANCE: 7/16-12/15/20 (PROTEST)

⑈000000⑁0630⑈ ⑆⑈⑆⑆⑆⑆⑆⑆⑆⑆⑆ 2⑈999831⑈⑈⑈

---

01063

**Claim Number**
10.8083.259.JA
**Claimant Name**
Guadalupe Garza

| | |
|---|---|
| Check Amt: | $6,120.00 |
| Check Date: | 12/14/2020 |
| Adjuster: | hirschfieldk |
| Invoice No: | MAINTENANCE: 7 |
| Invoice Date: | 12/14/2020 |
| Date Of Loss: | 07/15/2020 |
| Service Dates: | 07/16/2020   12/15/2020 |
| Payee Name: | GUADALUPE GARZA |
| | C/O The Buzbee Law Firm |
| | 600 Travis Street Suite 7300 |
| | Houston, TX 77002 |

**Comment**
MAINTENANCE: 7/16-12/15/20 (PROTEST)

---

01063

**Claim Number**
10.8083.259.JA
**Claimant Name**
Guadalupe Garza

| | |
|---|---|
| Check Amt: | $6,120.00 |
| Check Date: | 12/14/2020 |
| Adjuster: | hirschfieldk |
| Invoice No: | MAINTENANCE: 7 |
| Invoice Date: | 12/14/2020 |
| Date Of Loss: | 07/15/2020 |
| Service Dates: | 07/16/2020   12/15/2020 |
| Payee Name: | GUADALUPE GARZA |
| | C/O The Buzbee Law Firm |
| | 600 Travis Street Suite 7300 |
| | Houston, TX 77002 |

**Comment**
MAINTENANCE: 7/16-12/15/20 (PROTEST)

Rev. 20070110

# EXHIBIT 7

Copy from re:SearchTX

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

**01063**
12/14/2020

**AMOUNT**

PAY Six Thousand One Hundred Twenty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * *    $ *****6120.00

VOID AFTER 180 DAYS

TO THE
ORDER OF    GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 7/16-12/15/20 (PROTEST)

⑈000000l063⑈ ⑆ll3l22655⑈ 2l999831ll⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 12/21/2020 11:26:47

# EXHIBIT 8

Copy from re:SearchTX

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

01072

Houston, TX
88-2265/1131-63

12/23/2020

AMOUNT

PAY Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *     $ ******640.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 12/16-12/31/20 (PROTEST)

⑆000000 10 7 2⑆ ⑈ 1 1 3 1 2 2 6 5 5⑈     2 1 9 9 9 8 3 1 1⑊

ANTHONY G BUZBEE REMOTE DEP CAPTURE 12/30/2020 09:47:04

By
For Deposit Only
Buzbee Law Firm, 13316
By Buzbee Law Firm, Attorney in Fact

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

**H&H Claims Consultants**
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

**01100**
01/08/2021

AMOUNT

PAY Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *   $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF   GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 1/1-1/15/21 (PROTEST)

⑂000000⑈100⑈ ⑈⑈⑈3⑈22655⑈ 2⑈9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 01/13/2021 12:57:01

## ⌄ Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

**01139**
01/22/2021

AMOUNT

PAY Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *   $ ******640.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 1/16-1/31/21

⑆000000 1139⑆ ⑈ 1 1 3 1 2 2 6 5 5⑈ 2 1 9 9 9 8 3 1 1⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 01/27/2021 11:53:13

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
86-2265/1131-63

**01167**
02/09/2021

AMOUNT

PAY Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *   $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 2/1-2/15/21 (PROTEST)

⑆000000 1167⑆ ⑈1131 22655⑈ 2199983 11⑅

ANTHONY B BUZBEE REMOTE DEP CAPTURE 02/18/2021 12:23:03

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-63

01175
02/20/2021

AMOUNT

PAY  Five Hundred Twenty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $ ******520.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 2/16-2/28/21 (PROTEST)

⑈000000⑈⑈75⑈ ⑈⑈⑈3⑈22655⑈ 2⑈9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 02/25/2021 09:25:19

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-63

01208
03/09/2021

AMOUNT

PAY  Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO:MAINTENANCE FOR 3/1 - 3/15/21

⑈000000⌊208⑈ ⑆⌊⌊3⌊22655⑆   2⌊9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 03.17.2021 12:12:06

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-63

01223
03/23/2021

AMOUNT

PAY Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $ ******640.00

VOID AFTER 180 DAYS

TO THE
ORDER OF    GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO:MAINTENANCE FOR 3/16-3/31/21

⑈000000⎯223⑈ ⑊⎯⎯3⎯22655⑊ 2⎯9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 03/25/2021 11:07:28

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-83

**01245**
04/09/2021

AMOUNT
PAY  Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $  ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 4/1-4/15/21

⑈000000⑈245⑈ ⑈⑈13⑈22655⑈ 2⑈9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 04/16/2021 12:49:21

By Buzbee Law Firm, Attorney in Fact
For Deposit Only
Buzbee Law Firm
133418

Copy from re:SearchTX

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2285/1131-63

**01297**
04/23/2021

AMOUNT

PAY  Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *     $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF   GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO:MAINTENANCE: 4/16–4/30/21

⑈000000﹢297⑈ ⑆﹢﹢3﹢22655⑆  2﹢9998311﹢⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 04/30/2021 12:33:04

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-63

**01310**
05/06/2021

AMOUNT
PAY, Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF   GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO:MAINTENANCE: 5/1-5/15/21

⑈000000131O⑈ ⑆113122655⑈   2199983111⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 05/18/2021 12:20:21

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-83

**01331**
05/28/2021

AMOUNT
$ ******640.00

PAY  Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 180 DAYS

TO THE
ORDER OF   GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 5/16-5/31/21 (PROTEST)

⑈000000⑈331⑈ ⑆⑈⑈3⑈226655⑉ 2⑈9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 06/04/2021 11:01:33

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-63

**01382**
06/09/2021

PAY  Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

AMOUNT
$ *****600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 6/1-6/15/21 PROTEST

⑈000000 138 2⑈ ⑆1131 22655⑈    2199983 1 1⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 06/16/2021 13:19:45

## Check Image Viewer



## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

**01425**

07/08/2021

PAY  Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

AMOUNT
$ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO:MAINTENANCE: 7/1-7/15/21 (PROTEST)

⑈000000 1425⑈ ⑆1131 22655⑆  21999 8311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 07/16/2021 13:05:08

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

01466

07/23/2021

AMOUNT

PAY  Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $ ******640.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 7/16-7/31/21 (PROTEST)

⑆000000⑈466⑆ ⑆⑈⑈3⑈22655⑆   2⑈9998311⑈⑆

ANTHONY G BUZBEE REMOTE DEP CAPTURE 07/30/2021 10:31:43

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

**01481**
08/11/2021

AMOUNT
$ ******600.00

PAY Six Hundred and xx / 100 ****************************************

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE FOR 8/1-8/15/2021 (UNDER PROTEST)

⑆000000148⑆ ⑆113122655⑆ 219998311⑆

ANTHONY G BUZBEE REMOTE DEP CAPTURE 08/17/2021 10:33:42

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-83

01503
08/24/2021

AMOUNT

PAY  Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *      $ ******640.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO Maintenance 8/16-8/31/21 PROTEST

⑈000000⑴503⑈ ⑉⑴⑴3⑴22655⑉⑈ 2⑴9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 08/30/2021 09:51:25

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

**01527**

09/09/2021

Houston, TX
88-2265/1131-63

AMOUNT

PAY  Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $  ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 9/1-9/15/21 (PROTEST)

⑈000000L527⑈ ⑆LL3L22655⑆   2L999B3LL⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 09/14/2021 11:13:50

For Deposit Only
Buzbee Law Firm
133418
Business Checking
By Buzbee Law Firm Attorney In Fact

## Check Image Viewer





## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

**01567**
10/07/2021

AMOUNT

PAY  Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *   $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 10/1-10/15/21 (PROTEST)

⑈000000㆒567⑈ ⑆㆒㆒3㆒22655⑆  2㆒9998311⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 10/14/2021 12:23:05

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-63

01582
10/26/2021

AMOUNT
$ ******640.00

PAY Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 180 DAYS

TO THE
ORDER OF   GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 10/16-10/31/21 (PROTEST)

⑆000000 1582⑆ ⑈1131 22655⑈    2199983 11⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 10/28/2021 10:09:47

For Deposit Only
Buzbee Law Firm
1734 8
By Buzbee Law Firm Attorney in Fact

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT, THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

01596
11/09/2021

AMOUNT

PAY  Six Hundred and xx / 100 ********************************************  $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 11/1-11/15/21 (PROTEST)

⑈000000159⑈⑈ ⑈113122655⑈ 219998311⑈

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-63

01614
11/22/2021

AMOUNT

PAY Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE: 11/16-11/30/21 (PROTEST)

⑈000000⑈614⑈ ⑉⑈⑈3⑈22655⑉⑈ 2⑈9998⑈⑈⑈⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 11/30/2021 14:10:27

For Deposit Only
Buzbee Law Firm

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperty Bank
Houston, TX
88-2265/1131-63

01645
12/08/2021

AMOUNT

PAY Six Hundred and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *     $ ******600.00

VOID AFTER 180 DAYS

TO THE
ORDER OF  GUADALUPE GARZA
          C/O The Buzbee Law Firm
          600 Travis Street Suite 7300
          Houston, TX 77002

MEMO MAINTENANCE: 12/1-12/15/21 (PROTEST)

⑆000000 1645⑈ ⑆1131 22655⑈ 2199983 111⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 12-13-2021 14:42:13

## Check Image Viewer



THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
40 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank
Houston, TX
88-2265/1131-83

01662
12/22/2021

AMOUNT
$ ******640.00

PAY  Six Hundred Forty and xx / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 180 DAYS

TO THE
ORDER OF   GUADALUPE GARZA

C/O The Buzbee Law Firm
600 Travis Street Suite 7300
Houston, TX 77002

MEMO MAINTENANCE FOR 12/16-12/31/21

⑆000000 1662⑈ ⑆1131 22655⑆   2 1999 83 1 1⑈

ANTHONY G BUZBEE REMOTE DEP CAPTURE 12/29/2021 14:23:34

GOVERNORS REG. CC

# EXHIBIT 9

Copy from re:SearchTX

Filed
8/26/2022 4:12 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## THE STATE OF TEXAS

## WITNESS SUBPOENA/SUBPOENA DUCES TECUM

### PURSUANT TO THE TEXAS RULES OF CIVIL PROCEDURE 176

Cause No. 2020CCV-61002-3; *Guadalupe Garza v. Callan Marine Ltd.*;
In the County Court at Law No. 3 for Nueces County, Texas.

TO:   ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON
AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN
RULE 176 T.R.C.P.

**YOU ARE COMMANDED TO SUMMON AND SUBPOENA THE**

**FOLLOWING WITNESS:** Jonathan Vickery or Betty Balli Torres ("WITNESS"), which

may be served through its Registered Agent for service of process, as follows: Texas

Access to Justice Foundation, PO Box 12886 Austin, Texas 78711-2886.

**SAID WITNESS IS COMMANDED** to produce the following books, papers,

documents, or other tangible things for copying and inspection on or before **10:00 A.M.**

**on September 12, 2022**, at Frost Brown Todd LLC, 4400 Post Oak Parkway, Suite

2850, Houston, Texas 77027:

1. Any and all documents regarding **Bank Account Number 133418,
   believed to be of HomeTown Bank, N.A. and registered to Anthony
   G. Buzbee and/or Buzbee Law Firm** including the following:
   a. Documents identifying that Bank Account Number 133418 as an IOLTA
      bank account registered with the Texas Access to Justice Foundation;
   b. Documents identifying that Bank Account Number 133418 has been in
      compliance with all Texas Access to Justice Foundation practices and
      requirements since January 1, 2020, to present;
   c. Documents identifying on what date Bank Account Number 133418 was
      first registered as an IOLTA account with the Texas Access to Justice
      Foundation; and
   d. Documents identifying whether Bank Account Number 133418 ever lost
      its designation as an IOLTA account.

2. Any and all documents regarding **Bank Account Number 6000398, believed to be of HomeTown Bank, N.A. and registered to Anthony G. Buzbee and/or Buzbee Law Firm**, including the following:
   a. Documents identifying that Bank Account Number 6000398 is an IOLTA bank account registered with the Texas Access to Justice Foundation;
   b. Documents identifying that Bank Account Number 6000398 has been in compliance with all Texas Access to Justice Foundation practices and requirements since January 1, 2020, to present;
   c. Documents identifying on what date Bank Account Number 6000398 was first registered as an IOLTA account with the Texas Access to Justice Foundation; and
   d. Documents identifying whether Bank Account Number 6000398 ever lost its designation as an IOLTA account.

3. Any and all documents regarding **Bank Account Number 68853 of HomeTown Bank, N.A. and registered to Anthony G. Buzbee and/or Buzbee Law Firm**, including the following:
   a. Documents identifying that Bank Account Number 68853 is an IOLTA bank account registered with the Texas Access to Justice Foundation;
   b. Documents identifying that Bank Account Number 68853 has been in compliance with all Texas Access to Justice Foundation practices and requirements since January 1, 2020, to present;
   c. Documents identifying on what date Bank Account Number 68853 was first registered as an IOLTA account with the Texas Access to Justice Foundation; and
   d. Documents identifying whether Bank Account Number 68853 ever lost its designation as an IOLTA account.

4. Any and all documents regarding **Bank Account Number 6001548 of HomeTown Bank, N.A. and registered to Anthony G. Buzbee and/or Buzbee Law Firm**, including the following:
   a. Documents identifying that Bank Account Number 6001548 is an IOLTA bank account registered with the Texas Access to Justice Foundation;
   b. Documents identifying that Bank Account Number 6001548 has been in compliance with all Texas Access to Justice Foundation practices and requirements since January 1, 2020, to present;
   c. Documents identifying on what date Bank Account Number 6001548 was first registered as an IOLTA account with the Texas Access to Justice Foundation; and
   d. Documents identifying whether Bank Account Number 6001548 ever lost its designation as an IOLTA account.

Copy from re:SearchTX

5. Any and all documents regarding **IOLTA account information for Anthony G. Buzbee of The Buzbee Law Firm, Texas Bar No. 24001820**, excluding for the Bank Account Numbers identified in #1 - #4 above, but including, and not limited to, documents identifying all IOLTA bank account numbers associated with Anthony G. Buzbee and/or The Buzbee Law Firm.

6. For each such IOLTA account identified in response to Item #5 above, please produce documents identifying:
   a. the account holder information for each such account;
   b. the date on which the account was first registered as an IOLTA account with the Texas Access to Justice Foundation;
   c. the date on which the TAJF designated the account, or accepted its designation as, an IOLTA account; and
   d. the bank through which such IOLTA count is held / drawn on.

7. Any rules, restrictions, orders, opinions, or other governing documents which address or discuss whether an attorney licensed by the Supreme Court of Texas may hold or own an interest, financial or otherwise, or exercise control, whether through voting rights or otherwise, in an "eligible institution" as that term is used in the *Rules Governing the Operation of the Texas Access to Justice Foundation*, as may be amended from time to time.

8. Copies of any compliance statements and other documentation, submitted by **Anthony G. Buzbee of The Buzbee Law Firm, Texas Bar No. 24001820** to the Texas Access to Justice Foundation, required to be submitted under Rule 23 of the *Rules Governing the Operation of the Texas Access to Justice Foundation*.

9. An executed business records affidavit by a Custodian of Records for WITNESS substantially in the form as attached hereto as Exhibit "A".

**DO NOT FAIL** to return this writ to said Court, with return thereon, showing the manner

of execution.

**ISSUED** this the 26th day of August 2022.

- 3 -

Copy from re:SearchTX

By: _/s/ Kenneth W. Bullock II_____
Kenneth W. Bullock, II (kbullock@fbtlaw.com)
State Bar No. 24055227
Melissa D. Kirby (mkirby@fbtlaw.com)
State Bar No. 24105431
Lindsay M. Contreras (lcontreras@fbtlaw.com)
State Bar No. 24094164
FROST BROWN TODD LLC
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone:    713-590-9300
Facsimile:    713-590-9399
kbullock@fbtlaw.com
mkirby@fbtlaw.com
lcontreras@fbtlaw.com

– And –

By: _/s/ Rusty Hardin_____
Rusty Hardin (rhardin@rustyhardin,com)
State Bar No. 08972800
Daniel R. Dutko (ddutko@rustyhardin.com)
State Bar No. 24054206
Leah Graham (lgraham@rustyhardin.com)
State Bar No. 24073454
Victoria Reilly (treilly@rustyhardin.com)
State Bar No. 24118679
RUSTY HARDIN & ASSOCIATES LLP
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone:    (713) 652-9000
Facsimile:    (713) 652-9800

**ATTORNEY FOR DEFENDANT
CALLAN MARINE LTD.**

- 4 -

Copy from re:SearchTX

## PROOF OF SERVICE AND SUBPOENA RETURN

Came to hand the _____ day of _____, 20____ at _____

o'clock ___M., and executed the _____ day of _____, 20____, at

_____ o'clock____M., by delivering to within named_____ person at

_____ in _____ County, Texas, a true copy of this

Subpoena, and tendering said witness sum of $_____.


By:_____
　　　Person who is not a party to the suit, and is not
　　　less than 18 years of age.

### ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS
### PER RULE 176 T.R.C.P.

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena, and will appear in said court on said date and time directed in this subpoena.

*Rule 176.8(a) Contempt: Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.*

_____    _____
SIGNATURE OF WITNESS                                     DATE
*********************************************************************************

Not executed as to the witness for the following reasons:

_____

_____

_____

FEE FOR SERVICE OF SUBPOENA: $ _____

0145809.0756058  4868-7718-6094v1

- 5 -

Copy from re:SearchTX

# EXHIBIT A

Copy from re:SearchTX

## AFFIDAVIT CONCERNING BUSINESS RECORDS

State of Texas                              §
                                            §
County of _____                   §

      BEFORE ME, the undersigned authority, personally appeared _____

_____, who, being by me duly sworn, stated as follows:

1. "My name is _____ _____. I am 18 years of age or over, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein, which are true and correct.

2. I am one of the custodians of records for Texas Access to Justice Foundation.

3. Attached to this affidavit are _____ pages of records, which are being produced in response to a document subpoena served on Texas Access to Justice Foundation. The attached records are kept by Texas Access to Justice Foundation in the regular course of business, and it was the regular course of business of Texas Access to Justice Foundation for an employee or representative of Texas Access to Justice Foundation, with knowledge of the service or information provided, to make the record or to transmit information to be included in the record. These records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. These records are the original(s) of such records or an exact duplicate thereof.

4. This is my complete statement."

_____
                             Affiant

Sworn and subscribed to before me on this _____ day of _____ 2022.

_____
                      Notary Public, State of Texas

                      My Commission Expires: _____

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bridgette Hopkins on behalf of Kenneth Bullock II
Bar No. 24055227
bhopkins@fbtlaw.com
Envelope ID: 67719756
Status as of 8/30/2022 10:56 AM CST

Associated Case Party: Guadalupe Garza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Salto | | jsalto@txattorneys.com | 8/26/2022 4:12:54 PM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 8/26/2022 4:12:54 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 8/26/2022 4:12:54 PM | SENT |

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bridgette Hopkins on behalf of Kenneth Bullock II
Bar No. 24055227
bhopkins@fbtlaw.com
Envelope ID: 67719756
Status as of 8/30/2022 10:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan K.Higgins | | rhiggins@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Bridget Daspit | | bdaspit@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Shannon Campbell | | scampbell@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Leah MGraham | | lgraham@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| John MacVane | | jmacvane@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Sandra Dominguez | | sdominguez@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Victoria Reilly | | treilly@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Daniel R.Dutko | | ddutko@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Rusty Hardin | | rhardin@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |
| Cathy Gibson | | cgibson@rustyhardin.com | 8/26/2022 4:12:54 PM | SENT |

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bridgette Hopkins on behalf of Kenneth Bullock II
Bar No. 24055227
bhopkins@fbtlaw.com
Envelope ID: 67719756
Status as of 8/30/2022 10:56 AM CST
Associated Case Party: Callan Marine, LTD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Susan NoeWilson | | snoewilson@sbsblaw.com | 8/26/2022 4:12:54 PM | SENT |
| Sonja M.Beard | | sbeard@sbsblaw.com | 8/26/2022 4:12:54 PM | SENT |
| Amy Durocher | | adurocher@sbsblaw.com | 8/26/2022 4:12:54 PM | SENT |
| Marilyn Vilandos | | mvilandos@sbsblaw.com | 8/26/2022 4:12:54 PM | SENT |
| Dylan Hoke | | dhoke@sbsblaw.com | 8/26/2022 4:12:54 PM | SENT |
| Melissa DKirby | | mkirby@fbtlaw.com | 8/26/2022 4:12:54 PM | SENT |
| Lindsay Contreras | | lcontreras@fbtlaw.com | 8/26/2022 4:12:54 PM | SENT |
| John Schwambach | | jschwambach@sbsblaw.com | 8/26/2022 4:12:54 PM | SENT |
| Kelly M.Haas | | khaas@sbsblaw.com | 8/26/2022 4:12:54 PM | SENT |
| Kenneth W.Bullock | | kbullock@fbtlaw.com | 8/26/2022 4:12:54 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 10

Copy from re:SearchTX

## Check Image Viewer



# EXHIBIT 11

Copy from re:SearchTX

## Check Image Viewer

THIS DOCUMENT HAS A GRADUATED BACKGROUND: DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

H&H Claims Consultants
Callan Marine, LTD Escrow Account
140 Cypress Creek Pkwy #435
Houston, TX 77090-3530
281-350-9996

Prosperity Bank

Houston, TX
88-2265/1131-63

01051

12/02/2020

AMOUNT

PAY  Fifty-eight and 64 / 100 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *    $ *******58.64

VOID AFTER 180 DAYS

TO THE
ORDER OF  Mr. Denver Hall
           2490 Highway 37
           McCrory, AR 72101

MEMO PAYROLL SOFTWARE ERROR - Maintenance

⑈000000 1051⑈ ⑆11311 22655⑆    21999831 1⑈

ANTHONY G BUZBEE LP REMOTE DEPOSIT 12/09/2020 13:46:11

# EXHIBIT 12

Copy from re:SearchTX

## Check Image Viewer



# EXHIBIT 13

Copy from re:SearchTX

**CAUSE NO. 2020CCV-61002-3**

| | | |
|---|---|---|
| GUADALUPE GARZA | § | IN COUNTY COURT AT LAW 3 |
| *Plaintiff,* | § | |
| | § | NUECES COUNTY, TEXAS |
| VS. | § | |
| | § | |
| CALLAN MARINE, LTD. | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S OBJECTIONS TO THE WITNESS SUBPOENA/SUBPOENA DUCES TECUM OF THE CUSTODIAN OF RECORDS FOR TEXAS ACCESS TO JUSTICE FOUNDATION

TO:    Defendant, CALLAN MARINE, LTD., by and through its attorneys of record, Kenneth W. Bullock, Melissa D. Kirby, and Lindsay M. Contreras, FROST BROWN TODD LLC, 4400 Post Oak Parkway, Suite 2850, Houston, Texas 77027 and Rusty Hardin, Daniel R. Dutko, Leah Graham, and Victoria Reilly, RUSTY HARDIN & ASSOCIATES LLP, 5 Houston Center, 1401 McKinney Street, Suite 2250, Houston, Texas 77010.

Plaintiff submits the following objections to the subpoena duces tecum submitted by

Defendant to the Custodian of Records for Texas Access to Justice Foundation.

### OBJECTIONS TO CALLAN MARINE, LTD.'S WITNESS SUBPOENA/SUBPOENA

### DUCES TECUM

1. Any and all documents regarding **Bank Account Number 133418, believed to be of HomeTown Bank, N.A. and registered to Anthony G. Buzbee and/or Buzbee Law Firm** including the following:
a. Documents identifying that Bank Account Number 133418 as an IOLTA bank account registered with the Texas Access to Justice Foundation;
b. Documents identifying that Bank Account Number 133418 has been in compliance with all Texas Access to Justice Foundation practices and requirements since January 1, 2020, to present;
c. Documents identifying on what date Bank Account Number 133418 was first registered as an IOLTA account with the Texas Access to Justice Foundation; and
d. Documents identifying whether Bank Account Number 133418 ever lost its designation as an IOLTA account.

**OBJECTION: Overly broad; Irrelevant; Not reasonably limited in time, nature, or scope; Not reasonably calculated to lead to the discovery of admissible evidence; Harassing.**

2. Any and all documents regarding **Bank Account Number 6000398, believed to be of HomeTown Bank, N.A. and registered to Anthony G. Buzbee and/or Buzbee Law Firm**, including the following:
a. Documents identifying that Bank Account Number 6000398 is an IOLTA bank account registered with the Texas Access to Justice Foundation;

1

Copy from re:SearchTX

b. Documents identifying that Bank Account Number 6000398 has been in compliance with all Texas Access to Justice Foundation practices and requirements since January 1, 2020, to present;
c. Documents identifying on what date Bank Account Number 6000398 was first registered as an IOLTA account with the Texas Access to Justice Foundation; and
d. Documents identifying whether Bank Account Number 6000398 ever lost its designation as an IOLTA account.

**OBJECTION: Overly broad; Irrelevant; Not reasonably limited in time, nature, or scope; Not reasonably calculated to lead to the discovery of admissible evidence; Harassing.**

3. Any and all documents regarding **Bank Account Number 68853 of HomeTown Bank, N.A. and registered to Anthony G. Buzbee and/or Buzbee Law Firm,** including the following:
a. Documents identifying that Bank Account Number 68853 is an IOLTA bank account registered with the Texas Access to Justice Foundation;
b. Documents identifying that Bank Account Number 68853 has been in compliance with all Texas Access to Justice Foundation practices and requirements since January 1, 2020, to present;
c. Documents identifying on what date Bank Account Number 68853 was first registered as an IOLTA account with the Texas Access to Justice Foundation; and
d. Documents identifying whether Bank Account Number 68853 ever lost its designation as an IOLTA account.

**OBJECTION: Overly broad; Irrelevant; Not reasonably limited in time, nature, or scope; Not reasonably calculated to lead to the discovery of admissible evidence; Harassing.**

4. Any and all documents regarding **Bank Account Number 6001548 of HomeTown Bank, N.A. and registered to Anthony G. Buzbee and/or Buzbee Law Firm,** including the following:
a. Documents identifying that Bank Account Number 6001548 is an IOLTA bank account registered with the Texas Access to Justice Foundation;
b. Documents identifying that Bank Account Number 6001548 has been in compliance with all Texas Access to Justice Foundation practices and requirements since January 1, 2020, to present;
c. Documents identifying on what date Bank Account Number 6001548 was first registered as an IOLTA account with the Texas Access to Justice Foundation; and
d. Documents identifying whether Bank Account Number 6001548 ever lost its designation as an IOLTA account.

**OBJECTION: Overly broad; Irrelevant; Not reasonably limited in time, nature, or scope; Not reasonably calculated to lead to the discovery of admissible evidence; Harassing.**

5. Any and all documents regarding **IOLTA account information for Anthony G. Buzbee of The Buzbee Law Firm, Texas Bar No. 24001820,** excluding for the Bank Account Numbers identified in #1 - #4 above, but including, and not limited to, documents identifying all IOLTA bank account numbers associated with Anthony G. Buzbee and/or The Buzbee Law Firm.

6. For each such IOLTA account identified in response to Item #5 above, please produce documents identifying:
a. the account holder information for each such account;
b. the date on which the account was first registered as an IOLTA account with the Texas Access to Justice Foundation;

2

c. the date on which the TAJF designated the account, or accepted its designation as, an IOLTA account; and

d. the bank through which such IOLTA count is held/drawn on.

**OBJECTION:  Overly broad; Irrelevant; Not reasonably limited in time, nature, or scope; Not reasonably calculated to lead to the discovery of admissible evidence; Harassing.**

7. Any rules, restrictions, orders, opinions, or other governing documents which address or discuss whether an attorney licensed by the Supreme Court of Texas may hold or own an interest, financial or otherwise, or exercise control, whether through voting rights or otherwise, in an "eligible institution" as that term is used in the *Rules Governing the Operation of the Texas Access to Justice Foundation*, as may be amended from time to time.

**OBJECTION:  Overly broad; Irrelevant; Not reasonably limited in time, nature, or scope; Not reasonably calculated to lead to the discovery of admissible evidence; Harassing.**

8. Copies of any compliance statements and other documentation, submitted by **Anthony G. Buzbee of The Buzbee Law Firm, Texas Bar No. 24001820** to the Texas Access to Justice Foundation, required to be submitted under Rule 23 of the *Rules Governing the Operation of the Texas Access to Justice Foundation.*

**OBJECTION:  Overly broad; Irrelevant; Not reasonably limited in time, nature, or scope; Not reasonably calculated to lead to the discovery of admissible evidence; Harassing.**

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Christopher J. Leavitt*
    Anthony G. Buzbee
    State Bar No. 24001820
    Christopher J. Leavitt
    State Bar No. 24053318
    JPMorgan Chase Tower
    600 Travis Street, Suite 7300
    Houston, Texas 77002
    Tel: (713) 223-5393
    Fax: (713) 223-5909
    www.txattorneys.com
    tbuzbee@txattorneys.com
    cleavitt@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

3

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all counsel of record in accordance with the Texas Rules of Civil Procedure on September 6, 2022, via E-Service.

/s/ *Christopher J. Leavitt*
Christopher J. Leavitt

Copy from re:SearchTX

## LETTER OF TRANSMITTAL

### CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MARCY CROFT**                                                   **PLAINTIFF**

**VS.**                                              **Case No. 25CI1:25-cv-00177-WLK**

**ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO**                                    **DEFENDANTS**

### March 10, 2025

To the Clerk of the Hinds County Circuit Court
407 E. Pascagoula St.
Jackson, Mississippi 39205

      Re: Pro Hac Vice Application for Gregg Costa

To the Clerk of the Court:

Please see the enclosed Certificate of Service verifying that as of even date hereof, no other party
has appeared in this matter.

Should you have any questions, please contact me at (662) 668-3200 or by email at
musgrove@musgrovewhitwell.com.

        Sincerely,

        Ronnie Musgrove
        MUSGROVE WHITWELL
        265 N. Lamar, Suite C
        Oxford, MS 38655
        Telephone: (662) 273-8424
        Musgrove@musgrovewhitwell.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that no other parties have previously appeared in this cause (*Croft v. Buzbee, et. al.*) as of this date, March 10, 2025. Shall any party appear in this cause, this Verified Application shall be available through means of the Mississippi Electronic Courts filing system.

Ronnie Musgrove, MS Bar #3698
Musgrove Whitwell
265 N. Lamar Blvd., Suite C
Oxford, MS 38655
Phone: (662)668-3200
Email: musgrove@musgrovewhitwell.com

## LETTER OF TRANSMITTAL

### CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MARCY CROFT**                                                    **PLAINTIFF**

**VS.**                                           **Case No. 25CI1:25-cv-00177-WLK**

**ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO**                              **DEFENDANTS**

### March 10, 2025

To the Clerk of the Hinds County Circuit Court
407 E. Pascagoula St.
Jackson, Mississippi 39205

      Re: Pro Hac Vice Application for Reed Brodsky

To the Clerk of the Court:

Please see the enclosed Certificate of Service verifying that as of even date hereof, no other party
has appeared in this matter.

Should you have any questions, please contact me at (662) 668-3200 or by email at
musgrove@musgrovewhitwell.com.

                      Sincerely,

                      Ronnie Musgrove
                      MUSGROVE WHITWELL
                      265 N. Lamar, Suite C
                      Oxford, MS 38655
                      Telephone: (662) 273-8424
                      Musgrove@musgrovewhitwell.com

### CERTIFICATE OF SERVICE

I hereby certify that no other parties have previously appeared in this cause (*Croft v. Buzbee, et. al.)* as of this date, March 10, 2025. Shall any party appear in this cause, this Verified Application shall be available through means of the Mississippi Electronic Courts filing system.

Ronnie Musgrove, MS Bar #3698
Musgrove Whitwell
265 N. Lamar Blvd., Suite C
Oxford, MS 38655
Phone: (662)668-3200
Email: musgrove@musgrovewhitwell.com

## LETTER OF TRANSMITTAL

### CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MARCY CROFT                                                    PLAINTIFF

VS.                                                Case No. 25CI1:25-cv-00177-WLK

ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO                                      DEFENDANTS


### March 10, 2025

To the Clerk of the Hinds County Circuit Court
407 E. Pascagoula St.
Jackson, Mississippi 39205

      Re: Pro Hac Vice Application for Sydney Scott

To the Clerk of the Court:

Please see the enclosed Certificate of Service verifying that as of even date hereof, no other party
has appeared in this matter.

Should you have any questions, please contact me at (662) 668-3200 or by email at
musgrove@musgrovewhitwell.com.

          Sincerely,

Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar, Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Musgrove@musgrovewhitwell.com

## CERTIFICATE OF SERVICE

I hereby certify that no other parties have previously appeared in this cause (*Croft v. Buzbee, et. al.*) as of this date, March 10, 2025.  Shall any party appear in this cause, this Verified Application shall be available through means of the Mississippi Electronic Courts filing system.

Ronnie Musgrove, MS Bar #3998
Musgrove Whitwell
265 N. Lamar Blvd., Suite C
Oxford, MS 38655
Phone:  (662)668-3200
Email:  musgrove@musgrovewhitwell.com



RONNIE MUSGROVE
(601) 668-3200
135 MAYFIELD
OXFORD MS 38655

1 LBS     1 OF 1
SHP WT: 1 LBS
DATE: 10 MAR 2025

SHIP ATTN CIVIL, CLERK OF COURT
TO: HINDS COUNTY CIRCUIT CLERK
407 E PASCAGOULA ST

JACKSON MS 39201-4206

MS 392 9-05

UPS GROUND
TRACKING #: 1Z E05 7R4 03 9346 3197

**IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

**MARCY CROFT**                                                    **PLAINTIFF**

**VS.**                                        **Cause No. 25CI1:25-cv-00177-WLK**

**ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO**                             **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:    ANTHONY G. BUZBEE
       1722 River Oaks Blvd.
       Houston, Texas 77019

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS.

    You are required to mail or hand deliver a copy of a written response to the Amended
Complaint to **Ronnie Musgrove**, Attorney for the Plaintiff, whose address is **Musgrove
Whitwell, 265 N. Lamar Suite C, Oxford, MS 38655**. Your response must be mailed or
delivered within thirty (30) days from the date of delivery of this Summons and Amended
Complaint or a judgment by default will be entered against you for the money or other things
demanded in the Amended Complaint.

    You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this the ____14____ day of _March_
2025.

ZACK WALLACE, CIRCUIT CLERK
CIRCUIT CLERK OF HINDS COUNTY, MISSISSIPPI

By: _____

(Seal)

Presented By:

_____

Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove @musgrovewhitwell.com
*Attorney for Plaintiff*

### <u>PROOF OF SERVICE—SUMMONS</u>
(Process Server)

**NAME OF PERSON OR ENTITY SERVED:** _____

I, the undersigned process server, served the Summons and Amended Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

[ ]    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE**. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

[ ]    **PERSONAL    SERVICE:**    I    personally    delivered    copies    to _____ on the _____ day of _____, 20__, where I found him/her in _____ County, State of _____.

[ ]    **RESIDENCE SERVICE:** After exercising reasonable diligence I was unable to deliver copies    to    said    person    within    _____    County,    State    of _____.    I served the Summons and Amended Complaint on the _____ day of_____, 20___, at the usual place of abode of the said person by leaving a true copy with _____, who is the _____ (wife, husband, son, daughter or other person as the case may be) of said individual and a member of his/her family over the age of sixteen (16) years who was willing to receive the same on his/her behalf.  I mailed, by first class mail, postage prepaid, copies to the person at his/her usual place of abode where the copies were left.

[ ]    **CERTIFIED MAIL SERVICE**: By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service:  $_____

Process server must list below:  [Please print or type]

Name:  _____
Social Security No. _____
Address:  _____
_____
Telephone No._____

STATE OF _____

COUNTY OF _____

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service—Summons" are true and correct as therein stated.

 

_____

Process Server's Signature

Sworn to and subscribed before me this the _____ day of _____ 20____.

_____

Notary Public

(Seal) My Commission Expires:

**IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

**MARCY CROFT**                                                    **PLAINTIFF**

**VS.**                                        **Cause No. 25CI1:25-cv-00177-WLK**

**ANTHONY G. BUZBEE, ANTHONY G.**
**BUZBEE, L.P. d/b/a THE BUZBEE LAW**
**FIRM, AND JOSE MALDONADO**                                      **DEFENDANTS**

**SUMMONS**

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:    JOSE MALDONADO
       2209 Mulberry Lane
       Pasadena, TX 77502

**NOTICE TO DEFENDANT**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Amended Complaint to **Ronnie Musgrove**, Attorney for the Plaintiff, whose address is **Musgrove Whitwell, 265 N. Lamar Suite C, Oxford, MS 38655**. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Amended Complaint or a judgment by default will be entered against you for the money or other things demanded in the Amended Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___14___ day of __March__ 2025.

                                        **ZACK WALLACE, CIRCUIT CLERK**
                                        CIRCUIT CLERK OF HINDS COUNTY, MISSISSIPPI

                                        By: _Karla Bailey, DC_____

Presented By:

_____

Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove@musgrovewhitwell.com
*Attorney for Plaintiff*

## PROOF OF SERVICE—SUMMONS
(Process Server)

**NAME OF PERSON OR ENTITY SERVED:** _____

I, the undersigned process server, served the Summons and Amended Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

[ ]    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE**. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

[ ]    **PERSONAL    SERVICE:**    I    personally    delivered    copies    to _____ on the ____ day of _____, 20___, where I found him/her in _____ County, State of _____.

[ ]    **RESIDENCE SERVICE:** After exercising reasonable diligence I was unable to deliver copies    to    said    person    within    _____    County,    State    of _____. I served the Summons and A m e n d e d Complaint on the ___ day of_____, 20___, at the usual place of abode of the said person by leaving a true copy with _____, who is the _____ (wife, husband, son, daughter or other person as the case may be) of said individual and a member of his/her family over the age of sixteen (16) years who was willing to receive the same on his/her behalf. I mailed, by first class mail, postage prepaid, copies to the person at his/her usual place of abode where the copies were left.

[ ]    **CERTIFIED MAIL SERVICE**: By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]

Name: _____
Social Security No. _____
Address: _____
_____
Telephone No._____

STATE OF _____
COUNTY OF _____


      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service—Summons" are true and correct as therein stated.


                                      _____
                                        Process Server's Signature


Sworn to and subscribed before me this the _____ day of _____ 20____.


                                        _____
                                        Notary Public

(Seal) My Commission Expires:

## IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**MARCY CROFT**                                                              **PLAINTIFF**

**VS.**                                                  **Cause No. 25CI1:25-cv-00177-WLK**

**ANTHONY G. BUZBEE, ANTHONY G.**
**BUZBEE, L.P. d/b/a THE BUZBEE LAW**
**FIRM, AND JOSE MALDONADO**                                              **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:    PETER TAAFFE, Registered Agent
       600 Travis St, Ste. 7300
       Houston, Texas 77002
       ATTN: ANTHONY G. BUZBEE, L.P. d/b/a THE BUZBEE LAW FIRM

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS
IMPORTANT AND ANTHONY G. BUZBEE, L.P., MUST TAKE IMMEDIATE ACTION
TO PROTECT ITS RIGHTS.

Anthony G. Buzbee, L.P., is required to mail or hand deliver a copy of a written response
to the Amended Complaint to **Ronnie Musgrove**, Attorney for the Plaintiff, whose address is
**Musgrove Whitwell, 265 N. Lamar Suite C, Oxford, MS 38655**. Its response must be mailed
or delivered within thirty (30) days from the date of delivery of this Summons and Amended
Complaint or a judgment by default will be entered against it for the money or other things
demanded in the Amended Complaint.

Anthony G. Buzbee, L.P., must also file the original of its response with the Clerk of this
Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the _14_ day of _March_
2025.

ZACK WALLACE, CIRCUIT CLERK
CIRCUIT CLERK OF HINDS COUNTY, MISSISSIPPI

By: _Karla Bailey, x_

(Seal)

Presented By:

_____

Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove @musgrovewhitwell.com
*Attorney for Plaintiff*

## <u>PROOF OF SERVICE—SUMMONS</u>
### (Process Server)

**NAME OF PERSON OR ENTITY SERVED:** _____

I, the undersigned process server, served the Summons and Amended Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

[ ]    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE**. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

[ ]    **PERSONAL    SERVICE:**    I    personally    delivered    copies    to _____ on the _____ day of _____, 20__, where I found him/her in _____ County, State of _____.

[ ]    **RESIDENCE SERVICE:** After exercising reasonable diligence I was unable to deliver copies    to    said    person    within    _____    County,    State    of _____.    I served the Summons and A m e n d e d  Complaint on the ___day of_____, 20___, at the usual place of abode of the said person by leaving a true copy with _____, who is the _____ (wife, husband, son, daughter or other person as the case may be) of said individual and a member of his/her family over the age of sixteen (16) years who was willing to receive the same on his/her behalf.  I mailed, by first class mail, postage prepaid, copies to the person at his/her usual place of abode where the copies were left.

[ ]    **CERTIFIED MAIL SERVICE**: By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.  (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]

Name: _____
Social Security No. _____
Address: _____
_____
Telephone No._____

STATE OF _____
COUNTY OF _____


      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service—Summons" are true and correct as therein stated.


                                                  _____
                                                  Process Server's Signature


      Sworn to and subscribed before me this the _____ day of _____ 20_____.


                                                  _____

                                                  Notary Public

(Seal) My Commission Expires:

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**MARCY CROFT**                                                                **PLAINTIFF**

**VS.**                                                                      Case No. 25-177

**ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO**                                                  **DEFENDANTS**

### PLAINTIFF'S PROPOSED ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE* OF REED BRODSKY

**THIS MATTER** is before the Court on the Motion of Plaintiff Marcy Croft for Admission of Reed Brodsky as co-counsel *pro hac vice*. The Court, having reviewed and considered the motion and being fully advised in the premises, finds that the motion is well taken and should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:**

1.      Plaintiff's Motion for Admission *Pro Hac Vice* of Reed Brodsky is hereby GRANTED; and

2.      The Court finds that Reed Brodsky may appear as co-counsel for Marcy Croft in the above-styled and numbered civil action.

**SO ORDERED** this 21st day of _____March_____, 2025.

_____
CIRCUIT COURT JUDGE

Submitted by:

Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove@musgrovewhitwell.com

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

MARCY CROFT                                                      PLAINTIFF

VS.                                                             Case No. 25-177

ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO                                        DEFENDANTS

## PLAINTIFF'S PROPOSED ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE* OF SYDNEY A. SCOTT

**THIS MATTER** is before the Court on the Motion of Plaintiff Marcy Croft for Admission of Sydney A. Scott as co-counsel *pro hac vice*. The Court, having reviewed and considered the motion and being fully advised in the premises, finds that the motion is well taken and should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:**

1.      Plaintiff's Motion for Admission *Pro Hac Vice* of Sydney A. Scott is hereby GRANTED; and

2.      The Court finds that Sydney A. Scott may appear as co-counsel for Marcy Croft in the above-styled and numbered civil action.

**SO ORDERED** this 21ˢᵗ day of _____ March _____, 2025.

_____
CIRCUIT COURT JUDGE

Submitted by:

_____
Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove@musgrovewhitwell.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**MARCY CROFT**                                                                 **PLAINTIFF**

**VS.**                                                                 **Case No. 25-177**

**ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. d/b/a THE BUZBEE LAW
FIRM, AND JOSE MALDONADO**                                        **DEFENDANTS**

### PLAINTIFF'S PROPOSED ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE* OF GREGG J. COSTA

**THIS MATTER** is before the Court on the Motion of Plaintiff Marcy Croft for Admission of Gregg. J. Costa as co-counsel *pro hac vice*. The Court, having reviewed and considered the motion and being fully advised in the premises, finds that the motion is well taken and should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:**

1.    Plaintiff's Motion for Admission *Pro Hac Vice* of Gregg J. Costa is hereby GRANTED; and

2.    The Court finds that Gregg J. Costa may appear as co-counsel for Marcy Croft in the above-styled and numbered civil action.

**SO ORDERED** this 21ˢᵗ day of _March_, 2025.

_____
CIRCUIT COURT JUDGE

Submitted by:

_____
Ronnie Musgrove
MUSGROVE WHITWELL
265 N. Lamar Suite C
Oxford, MS 38655
Telephone: (662) 273-8424
Email: Musgrove@musgrovewhitwell.com