UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


MARCY CROFT                                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:25-CV-205-TSL-ASH

ANTHONY G. BUZBEE, ANTHONY G.
BUZBEE, L.P. D/B/A THE BUZBEE
LAW FIRM AND JOSE MALDONADO                                   DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

     This cause is before the court on separate motions by

defendant Jose Maldonado and defendants Anthony G. Buzbee and

Anthony G. Buzbee, L.P. d/b/a The Buzbee Law Firm to dismiss

pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of

Civil Procedure, or, alternatively, to transfer this action to

the Southern District of Texas under the "first-to-file" rule[1] or

for *forum non conveniens* under 28 U.S.C. § 1404(a).  Plaintiff

Marcy Croft has responded in opposition.  The court, having

considered the memoranda of authorities, together with

attachments, submitted by the parties, concludes that the court

---

[1]    The undersigned informally delayed ruling on the present
motions with the intention of transferring the case to the
Southern District of Texas if the motions to remand in those
cases were denied.  The court has determined that the motions to
remand were recently granted, see Buzbee Law. Firm v. Croft, No.
4:25-CV-385, 2025 WL 2675961, at *3 (S.D. Tex. Sept. 18, 2025)
and Maldonado v. Croft, No. 4:25-CV-345, slip. at 15 (S.D. Tex.
Sept. 17, 2025), and therefore, defendants' request to transfer
based on the first-to-file rule is now moot.

lacks personal jurisdiction over defendants and the case must therefore be dismissed.

Marcy Croft is a Mississippi-based attorney who resides in Mississippi and whose law firm, MJ Legal, is located in Jackson, Mississippi.  She is currently a defendant in separate lawsuits filed against her in Houston, Texas by the defendants herein charging her with barratry and conspiracy to commit barratry in violation of Texas law.  Defendant Anthony Buzbee is a Texas attorney, whose law firm, the Buzbee Law Firm, is located in Houston, Texas.[2]  Jose Maldonado is a Texas resident, who was a client of the Buzbee defendants in a previous lawsuit and who is represented by the Buzbee defendants in his current lawsuit against Croft.

In this action, Croft has asserted claims against the Buzbee defendants for defamation and defamation per se, and against the Buzbee defendants and Maldonado for false light invasion of privacy, abuse of process, intentional and negligent infliction of emotional distress and civil conspiracy.  Her defamation claims relate to allegedly defamatory statements about her in certain Instagram and Facebook posts by the Buzbee defendants, while her false light invasion of privacy claim relates to those same allegedly defamatory social media posts as

---

[2]    Buzbee and his law firm are collectively referred to herein as "the Buzbee defendants."

2

well as allegedly defamatory statements by the Buzbee defendants and Maldonado in their respective lawsuits against Croft, which essentially reiterate the statements contained in the Buzbee defendants' Facebook and Instagram posts.  Her abuse of process claim, as explained more fully _infra_ at 13-15, relates to defendants' lawsuits against her; and her claims for civil conspiracy and negligent/intentional infliction of emotional distress are based on her defamation and false light claims.

Croft's allegations and claims are somewhat convoluted and are thoroughly intertwined with defendants' allegations and claims against her in their Texas lawsuits against her.  In a nutshell,[3] she alleges that the Buzbee defendants defamed her by statements in an Instagram post and two Facebook posts and by allegations in their complaints against her in Texas in which they accused her of orchestrating a conspiracy on behalf of Roc Nation, an entity owned and run by Shawn Carter (Jay-Z), with assistance from a law firm representing Carter/Roc Nation, to hire agents posing as State of Texas officials to illegally solicit and offer money to former clients of the Buzbee defendants to file frivolous lawsuits against the Buzbee defendants in an effort to intimidate them from pursuing cases

---

[3]    The underlying facts are set forth in detail in Judge Hanks' opinions remanding the Texas cases.  See Buzbee Law. Firm, No. 4:25-CV-385, 2025 WL 2675961, at *1, and No. 4:25-CV-345, slip. at pp. 1-8.

against Carter relating to certain sexual assault litigation against Sean "Diddy" Combs in New York.

Defendants have moved to dismiss, contending this court lacks personal jurisdiction over them. When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994), cert. denied, 513 U.S. 930, 115 S. Ct. 322, 130 L. Ed. 2d 282 (1994). To satisfy this burden and avoid dismissal, the plaintiff must make a prima facie showing of the facts upon which jurisdiction is based to avoid dismissal. Id. In deciding whether the facts support an exercise of jurisdiction, the court must "accept the plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve all controverted allegations in the plaintiff's favor." Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001).

To exert personal jurisdiction over a nonresident defendant, (1) there must be a basis for asserting personal jurisdiction under the forum-state's long-arm statute; and (2) sufficient minimum contacts must exist to satisfy the Due Process Clause, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id.

4

The relevant provision of Mississippi's long-arm statute states that a nonresident person "who shall commit a tort in whole or in part in this state against a resident or nonresident of this state" is subject to jurisdiction in Mississippi.  See Miss. Code Ann. § 13-3-57.[4]  Under this provision, "personal jurisdiction over a nonresident defendant who allegedly committed a tort is proper if any of the elements of the tort—or any part of an element—takes place in Mississippi." Lofton v. Turbine Design, Inc., 100 F. Supp. 2d 404, 408 (N.D. Miss. 2000) (citing Smith v. Temco, 252 So. 2d 212, 216 (Miss. 1971)).  The statute does not require that the part of the tort which causes the injury be committed in Mississippi.  Horne v. Mobile Area Water & Sewer Sys., 897 So. 2d 972, 977 (Miss. 2004) (citing Sorrells v. R & R Custom Coach Works, Inc., 636 So. 2d 668, 672 (Miss. 1994)).  "Rather, for purposes of [Mississippi's] long-arm statute, a tort is committed in Mississippi when the injury results in this State ... because an injury is necessary to complete a tort."  Id.

If the court determines that the long-arm statute is satisfied, it must then decide whether the exercise of

---

[4]    Two other prongs of the statute allow for jurisdiction over any nonresident who (1) makes a contract with a Mississippi resident to be performed in whole or in part in Mississippi or (2) does business in the state.  Plaintiff does not contend that either of those circumstances exists here.

jurisdiction over the nonresident comports with due process. To satisfy due process, the plaintiff must show "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." Clemens v. McNamee, 615 F.3d 374, 378 (5th Cir. 2010). "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Id. at 379 (citing Burger King v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

Sufficient minimum contacts will give rise to either specific or general jurisdiction. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.' Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action." Revell v. Lidov, 317 F.3d 467, 470 (5th Cir. 2002) (citation modified).

Here, Croft acknowledges that no defendant has had "continuous and systematic" contacts with Mississippi. Instead, she contends their contacts are sufficient to support an exercise of specific jurisdiction. In determining whether

6

specific jurisdiction exists, the court must conduct the minimum contacts analysis separately for each cause of action. See McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009) (quoting Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266 (5th Cir. 2006) ("In this circuit, specific personal jurisdiction is a claim-specific inquiry: 'A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.'").

Defamation/Defamation Per Se – the Buzbee Defendants

Plaintiff contends that Mississippi's long-arm statute is satisfied for her defamation and defamation per se claims because the Buzbee defendants' defamatory statements "were published in Mississippi, their actions were directed to harm a single person – Ms. Croft – who resides in Mississippi, and Ms. Croft suffered injury in Mississippi." On this point, she may be correct, and the court for present purposes is willing to assume that she is. See Lofton, 100 F. Supp. 2d at 409 (allegations that defendants "publish[ed] the alleged defamatory information complained of on the Internet via [its] website, allowing access and publication within the State of Mississippi and among Mississippi residents [was] sufficient to establish a prima facie case of personal jurisdiction under the 'tort' prong of Mississippi's long-arm statute."). In the court's opinion,

however, the Buzbee defendants clearly lack the requisite minimum contacts with Mississippi to satisfy due process.

For specific jurisdiction, the court looks only to the contact out of which the specific cause of action arises, which in this case are Buzbee's social media posts on Instagram and Facebook posts.  See Revell v. Lidov, 317 F.3d 467, 472 (5th Cir. 2002).[5]  The parties agree that in this case, the determination whether defendants had sufficient minimum contacts with Mississippi to support jurisdiction over these claims is made by reference to the "effects test" set forth in Calder v. Jones, 465 U.S. 783, 789, 104 S. Ct. 1482, 1486-87, 79 L. Ed. 2d 804 (1984) (in liable action, "[j]urisdiction over petitioners is therefore proper in California based on the 'effects' of their Florida conduct in California").  Broadly speaking, under Calder, "an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct."  Guidry v.

---

[5]    She also claims defamation based on letters sent by the Buzbee defendants to clients of the firm.  There is clearly no jurisdiction over her claim based on the letters.  There is no allegation that the letters referenced her or that any of the letters were sent to or seen by anyone in Mississippi.  Thus the letters were not published in Mississippi, and she suffered no injury in Mississippi from these letters.

U.S. Tobacco Co., 188 F.3d 619, 628 (5th Cir. 1999) (citing

Calder, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 79 L. Ed. 2d 804

(1984)). "In addition to requiring that the 'effects' of the

story be felt in the forum, [the Fifth Circuit] has held that

the 'aim' of the defendant under the Calder test must be

demonstrated by showing that (1) 'the subject matter of and (2)

the sources relied upon for the article were in the forum

state.'" Ouazzani-Chahdi v. Greensboro News & Record, Inc., 200

Fed. Appx. 289, 293, (5th Cir. 2006) (quoting Fielding v. Hubert

Burda Media, Inc., 415 F.3d 419, 426 (5th Cir. 2005)).

Here, Croft asserts that due process is satisfied because

she and her professional reputation are the focal point of the

alleged defamatory statements; and, since she resides in

Mississippi, then Mississippi is necessarily where her

professional reputation would be harmed by these statements.

This, however, is clearly not enough to support the court's

exercise of jurisdiction over defendants.

As one court has aptly explained:

> Posting information on the internet "is not
> sufficient by itself to subject[] that person to
> personal jurisdiction in each State in which the
> information is accessed." Young v. New Haven
> Advocate, 315 F.3d 256, 263 (4th Cir. 2002).
> Otherwise, a "person placing information on the
> Internet would be subject to personal jurisdiction in
> every State[.]" Id. "Something more than posting
> [online] and accessibility" from the forum is
> required—[the defendant] must, through her internet
> posting, "manifest an intent to target and focus on

[forum state] readers." <u>Id.</u>  <u>See also</u> <u>Shrader v.</u>
<u>Biddinger</u>, 633 F.3d 1235, 1240 (10th Cir. 2011) (for
personal jurisdiction in the internet context, "the
internet user [must] intentionally direct[]
his/her/its activity or operation at the forum state
rather than just having the activity or operation
accessible there"); <u>Johnson v. Arden</u>, 614 F.3d 785,
797-98 (8th Cir. 2010) (holding that Missouri court
lacked personal jurisdiction over a nonresident
defendant who posted about Missouri residents because
the website did not "specifically target" Missouri);
<u>Revell v. Lidov</u>, 317 F.3d 467, 473 (5th Cir. 2002)
(holding that a Texas court lacked personal
jurisdiction over a nonresident defendant because the
article "contains no reference to Texas, nor does it
refer to the Texas activities of [the plaintiff], and
it was not directed at Texas readers as distinguished
from readers in other states.").

   "Although the place that the plaintiff feels the
alleged injury" occurred is relevant to the
jurisdictional inquiry, "it must ultimately be
accompanied by the defendant's own [sufficient
minimum] contacts with the state if jurisdiction ...
is to be upheld." <u>Young</u>, 315 F.3d at 262.  The mere
fact that [the defendant] knew that the plaintiffs
resided in [the forum state] is not sufficient to show
that [the forum state] was targeted as the focal point
of the statements.  <u>See</u> <u>id</u>. at 264 (quoting <u>Griffis v.</u>
<u>Luban</u>, 646 N.W.2d 527, 536 (Minn. 2002) ("that [the
defendant, who posted allegedly defamatory statements
about the plaintiff on the Internet] knew that [the
plaintiff] resided and worked in Alabama is not
sufficient to extend personal jurisdiction over [the
defendant] in Alabama, because that knowledge does not
demonstrate targeting of Alabama as the focal point of
the statements")).

<u>McCall v. Zotos</u>, No. 22-11725, 2023 WL 3946827, at *3-4 (11th

Cir. June 12, 2023).  The Fifth Circuit, as indicated by the

<u>McCall</u> court's citation of <u>Revell</u>, is in accord.  <u>See</u> <u>Fielding</u>,

415 F.3d at 427 (quoting <u>Revell</u>, 317 F.3d at 476) ("[T]he

plaintiff's mere residence in the forum state is not sufficient

to show that the defendant had knowledge that effects would be felt there; a 'more direct aim is required.'"); Mullins v. TestAmerica, Inc., 564 F.3d 386, 401 (5th Cir. 2009) ("Under Calder, ... 'the plaintiff's residence in the forum, and suffering of harm there, will not alone support [personal] jurisdiction.'") (quoting Revell, 317 F.3d at 473); Quazzani-Chahdi v. Greensboro News & Record, Inc., 200 F. App'x. 289, 293 (5th Cir. 2006) (same).

As these cases make clear, the fact of plaintiff's residence in Mississippi – assuming that defendants were even aware that she is a Mississippi resident when the subject social media posts were made – will not support jurisdiction.[6]  Beyond the fact of her residence, plaintiff has offered no evidence of any Mississippi connection.  The posts describe a lawsuit filed by the Buzbee firm in Texas for alleged violations of Texas law

---

[6]    In an affidavit submitted in support of the motion, Anthony Buzbee states, "Prior to these lawsuits, I did not know that Marcy Croft was a Mississippi resident."  Obviously, if he was not aware that she was a resident of Mississippi when making the allegedly defamatory statements, the Buzbee defendants could not have aimed those statements at Mississippi.  See Revell, 317 F.3d at 475 (defendant could not have aimed his conduct at Texas where his uncontroverted affidavit stated that "he did not even know that Revell was a resident of Texas when he posted his article.").  It is unclear, however, whether the "these cases" Buzbee is referring to in his affidavit are the cases he, Maldonado and Garcia filed after the subject Facebook/Instagram posts were made, or rather, the cases filed December 18, 2024, prior to the posts and to which the posts refer.

by Croft and others based on acts apparently taken in Texas. The posts do not reference Mississippi, directly or indirectly. Thus, there is no basis for jurisdiction over the Buzbee defendants in Mississippi for plaintiff's defamation claims.

<u>False Light Invasion of Privacy – All Defendants</u>

Plaintiff's claim against the Buzbee defendants for false light invasion of privacy is based on their alleged defamatory statements in the Facebook and Instagram posts, discussed <u>supra</u>, and also on their repetition of these statements in their Texas lawsuit against plaintiff. She asserts this claim against Maldonado as well, for the allegedly defamatory statements in his Texas complaint against her.

The court has already addressed jurisdiction over the defamation claims based on the social media posts. The same analysis applies to the false light claim based on those posts. As for the lawsuits, plaintiff contends the tort prong of the long-arm statute is satisfied because the lawsuits, though filed electronically in Texas, were accessible in Mississippi and hence published in Mississippi, and because the injury to her reputation was felt here. <u>See</u> <u>Cook v. Mardi Gras Casino Corp.</u>, 697 So. 2d 378, 382 (Miss. 1997) ("elements of the [false light] claim are (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the

12

falsity of the publicized matter and the false light in which the other would be placed.").  While she may be correct about the long-arm statute, she cannot establish a case for specific jurisdiction to satisfy due process.

In this regard, Croft's argument for specific jurisdiction over this claim is the same as her argument for specific jurisdiction over her defamation and defamation per se claims, namely, that the focus of defendants' allegedly defamatory statements is Mississippi because she resides in Mississippi and the harm to her reputation from their allegations in the Texas lawsuits occurred in Mississippi.  She argues, for example, that Calder's effects test is satisfied because "the only target of [defendants'] false statements is a Mississippian."  For the same reasons the court has no jurisdiction with respect to her defamation claims, it also lacks jurisdiction over defendants for her false light claims.

<u>Abuse of Process – All Defendants</u>

Croft alleges a putative claim for abuse of process based on an allegation that in their Texas complaints against her, defendants named a fake defendant, "Jessica Santiago," who was alleged to be a citizen of Texas, in order to destroy diversity jurisdiction and thereby prevent removal of the cases from state court to federal court with the "motive of harassing a

13

Mississippi resident for exposing the Buzbee defendants' fraud, wherever it may have occurred."

To state a claim for abuse of process, a plaintiff must allege that "(1) the [defendant] made an illegal use of a legal process, (2) the [defendant] had an ulterior motive, and (3) damage resulted from the perverted use of process." Ayles ex rel. Allen v. Allen, 907 So. 2d 300, 303 (Miss. 2005). Croft argues the since she is a citizen of Mississippi, the long-arm statute is satisfied for this claim because the damage element of the tort occurred in Mississippi as this is where she was deprived of her rights to free speech and access to the courts by defendants' alleged abuse of process.

The Fifth Circuit "has recognized consistently that Mississippi does not permit *damages* to serve as a proxy for *injury* in the personal jurisdiction calculus," emphasizing that these are distinct concepts and that the existence of an injury must not be conflated with the presence of its economic consequences. Allred v. Moore & Peterson, 117 F.3d 278, 283 (5th Cir. 1997). Here, the alleged harm Croft claims to have suffered occurred in Texas, where the lawsuits were filed, not in Mississippi. The abuse of process, as stated, was the attempt by defendants herein to keep Croft from removing their lawsuits against her, filed in Texas state court, to federal court in Texas. The injury was the purported impediment to her

14

ability to remove the cases to federal court, which obviously occurred in Texas.  She may have felt the economic consequences of that injury in Mississippi, but the injury occurred in Texas. See Handshoe v. Yount, Civ. Action No. 1:14-CV-159-KS-MTP, 2015 WL 7572344, at *3 (S.D. Miss. Nov. 24, 2015) (holding that the economic consequences of the abuse of process in the form of litigation expenses were not enough to confer personal jurisdiction in Mississippi).

Even if the long-arm statute were satisfied, due process is not.  The lawsuits that are the subject of the claim, in which the allegedly fake "Jessica Santiago was allegedly joined to defeat diversity, were filed in Texas, and plaintiff has not shown that defendants had any contacts with Mississippi relating to her abuse of process allegations.[7]

Civil Conspiracy – All Defendants

A claim for civil conspiracy must be based on an underlying tort.  Wess v. Shelter General Ins. Co., 217 F. Supp. 2d 744, 755 (S.D. Miss. 2002).  The underlying torts at issue here are

---

[7]    While Croft has not identified any contacts by the Buzbee defendants with Mississippi, she does allege that in the same week the Buzbee defendants posted the allegedly defamatory Facebook/Instagram posts, Maldonado contacted her by telephone, purportedly seeking legal advice relating to payments he was to have received in the settlement of a former lawsuit in which he was represented as the plaintiff by the Buzbee defendants. Plaintiff has not demonstrated any link between this contact by Maldonado and her causes of action herein.

plaintiff's defamation and false light invasion of privacy claims, as Croft alleges that defendants conspired to "defame, discredit, and harm [her] by spreading false and defamatory statements through both litigation and social media."

Her claims for negligent and intentional infliction of emotional distress are also based on allegations that defendants discredited, defamed and harmed her by "spreading false and defamatory statements through both litigation and social media." As Croft has not demonstrated the required minimum contacts by defendants with Mississippi to support jurisdiction over her defamation and false light claims, it follows that the court lacks jurisdiction over her conspiracy and intentional/negligent infliction of emotional distress claims.

<u>Conclusion</u>

Based on the foregoing, it is ordered that the complaint in this cause is dismissed without prejudice.

SO ORDERED this 16th day of October 2025.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE